EVANDER, J.
Marc Pinder was convicted, after a jury trial, of: (1) traveling to meet a minor for unlawful sexual activity in violation of section 847.0135(4)(b), Florida Statutes (2011); (2)use of computer services to solicit unlawful sexual activity with a minor in violation of section 847.0135(3)(b), Florida Statutes (2011); and (3) attempted lewd or lascivious battery.[1] We find only one issue raised on appeal by Pinder merits discussion. He argues that his convictions under both section 847.0135(3)(b) and section 847.0135(4)(b) violate double jeopardy. We agree with Pinder’s argument that a single violation of subsection (3)(b) would be a lesser-included offense of an offense found under subsection (4)(b). However, in the instant case, the information alleged, and the evidence established, more than one violation of subsection (3)(b). Accordingly, we affirm Pinder’s convictions.
A violation of section 847.0135(4)(b) is a second-degree felony, while a violation of section 847.0135(3)(b) is (but for certain exceptions not applicable in this case) a third-degree felony. A comparison of the language of these two subsections reflects that subsection (4)(b) has a “travel” element that is not contained in subsection (3)(b), but otherwise the two subsections are virtually identical.
Section 847.0135(4)(b), Florida Statutes (2011), provides:
(4)TRAVELING TO MEET A MINOR. — Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
(b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 79⅛, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct, commits a felony of the second degree ....
Section 847.0135(3)(b), Florida Statutes (2011), provides:
(3) CERTAIN USES OF COMPUTER SERVICES OR DEVICES PROHIBITED. — Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
*143 (b) Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child, or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 79Jp, chapter 800, or chapter 827, or to othenuise engage in any sexual conduct, commits a felony of the third degree ....
The underlined portions above reflect the portions of the two statutes that are identical in their wording.
There is no doubt that subsection (4)(b) contains a “travel” element that is not found in subsection (3)(b). However, we agree with Pinder that subsection (3)(b) does not contain an element that is not found in subsection (4)(b).[2] Thus, if a defendant solicited unlawful sexual activity with a minor through a single use of a computer device prior to traveling to meet the minor for unlawful sexual activity, double jeopardy principles would preclude convictions under both subsections. See § 775.021(4)(b)3., Fla. Stat. (2011) (intent of Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction except for ... “[ojffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense”); see also Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006) (defendant is placed in double jeopardy where, based on the same conduct, the defendant is convicted of two offenses, each of which does not require proof of a different element).
However, in the instant case, Pin-der was alleged to have violated subsection (3)(b) over an eight-day period, and the evidence established multiple offenses. On April 4, 2011, Pinder responded to an online advertisement in the “Personals” section of “Craigslist” which read: “Still looking for assistance with my young niece. Any takers?” During the next eight days, Pinder corresponded via e-mail, instant messaging, phone, text messaging, and in person with an individual Pinder believed to be the aunt/custodian of a twelve-year-old girl. In reality, Pinder was communicating with an undercover deputy employed with the Orange County Sheriffs *144 Office. On more than one occasion during those communications, Pinder expressed his desire to engage in sexual activity with the “twelve-year-old niece,” and a meeting was arranged for that purpose. On April 12, 2011, Pinder drove to the address given to him by the detective and was promptly arrested.
Section 847.0135(3) expressly provides that “[e]aeh separate use of a computer online service, internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense.” Therefore, under the facts of this case, Pinder’s convictions under subsections (3)(b) and (4)(b) were for separate offenses and no double jeopardy violation occurred. See also State v. Murphy, 124 So.3d 323 (Fla. 1st DCA Oct. 9, 2013).
AFFIRMED.
PALMER and BERGER, JJ., concur.

. Pinder was sentenced to ten years in prison for the "traveling to meet a minor” offense and five years in prison on each of the other two counts. The sentences were to be served concurrently.

. We disagree with the State’s assertion that subsection (3)(b) contains an element that is not found in subsection (4)(b). As observed by the State, subsection (3)(b) contains the word "knowingly” at the beginning of the subsection:
Any person who knowingly uses a computer online service ... to [s]olicit ... commits a felony of the third degree....
(Emphasis added). By contrast, the word "knowingly” is not found immediately before the reference to the use of computer services in subsection (4)(b):
Any person who travels ... after using a computer online service ... to [sjolicit ... commits a felony of the second degree....
The absence of the word "knowingly” in subsection (4)(b) does not, however, mean that the subsection does not have a knowledge requirement. Florida courts will ordinarily presume that the Legislature intends statutes defining a criminal violation to contain a knowledge requirement absent an express indication of a contrary intent. Wegner v. State, 928 So.2d 436, 439 (Fla. 2d DCA 2006) (statute imposing criminal liability on person who receives computer transmissions of descriptive or identifying information about minor for purpose of facilitating sexual conduct with minor would be construed as requiring knowledge by accused that person from whom or about whom he received computer transmission was minor); see also Cash-att v. State, 873 So.2d 430 (Fla. 1st DCA 2004) (criminal statutes, such as computer pornography statutes, are presumed to include broadly applicable scienter requirements in absence of express contrary intent). In the instant case, we discern no legislative intent to dispense with a knowledge or mens rea element in section 847.0135(4)(b).