SILBERMAN, Judge.
Dean Shelley responded to a Craigslist ad posted in the Casual Encounters section by a police officer posing as a single mother nudist “looking for family fun.” Shelley made arrangements via electronic communication to have sex with the “mother’s” fictitious ten-year-old daughter and was arrested when he arrived at the predetermined meeting place. In this appeal, Shelley seeks review of his convictions for (1) use of computer services or devices to solicit consent of a parent or legal guardian, and (2) traveling to meet a minor after using computer services or devices to solicit consent of a parent or legal guardian. We affirm in part and reverse in part.
Shelley entered guilty pleas to the charges while reserving his right to appeal the denial of a motion to dismiss and amended motion to dismiss. Shelley argues that the trial court erred in denying the motion to dismiss because the undisputed facts failed to establish a prima facie case of the crimes. Shelley also argues that the trial court erred in denying the amended motion to dismiss because his convictions violate the prohibition against double jeopardy. We address these arguments in turn.
I. Prima Facie Case
Shelley argues that the undisputed facts do not establish that he actually contacted a child or a person he believed to be a child. We recognize that the then-applicable standard jury instructions for both offenses required that the defendant use a computer to contact the person believed to be the child victim. See Fla. Std. Jury Instr. (Crim.) 11.17(b), (d) (2009). However, the applicable statutes, which are controlling, do not contain this requirement. See § 847.0135(3)(b), (4)(b), Fla. Stat. (2011); State v. Wilson, 128 So.3d 946, 948 (Fla. 5th DCA 2013). The supreme court has recently approved amendments to the standard jury instructions that cure the errors. See In re Standard Jury Instructions in Criminal Cases-Report No. 2012-09, 122 So.3d 263, 276, 279 (Fla.2013).
Shelley also argues that the undisputed facts fail to establish that he solicited, lured, or enticed a parent to consent to a child’s participation in the illegal conduct. Shelley claims that his conduct on the date charged in the information did not constitute soliciting, luring, or enticing because the plan to engage in illicit sexual contact was set in motion before that date. And he claims that the undercover officer was the person who did the soliciting, luring, and enticing.
Both of these arguments have been rejected by our sister courts. See Hartley v. State, 129 So.3d 486, 489-90 (Fla. 4th DCA 2014) (holding that certain text exchanges on specific dates constituted soliciting even though they were merely confirming plans established on another date to meet the *1140 child for a sexual encounter); State v. Murphy, 124 So.3d 323, 328-29 (Fla. 1st DCA 2013) (rejecting the argument that the defendant did not solicit a parent’s consent because an officer was posing as the parent and had placed the Craigslist ad). Accordingly, the trial court did not err in rejecting Shelley’s challenges to the State’s prima facie case and denying the motion to dismiss.
II. Double Jeopardy
Shelley argues that his convictions for soliciting and traveling violate the constitutional prohibition against double jeopardy. Shelley asserts that the elements of soliciting under section 847.0135(3)(b) are subsumed by the elements of traveling under section 847.0135(4)(b). The State does not dispute that the soliciting offense is subsumed by the traveling offense but argues that the dual convictions are proper because the legislature intended to allow multiple punishments for the crimes.
We conduct a de novo review of a double jeopardy claim based on undisputed facts. Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006). “ ‘The prevailing standard for determining the constitutionality of multiple convictions 'for offenses arising from the same criminal transaction is whether the Legislature “intended to authorize separate punishments for the two crimes.” ’ ” Valdes v. State, 3 So.3d 1067, 1070 (Fla.2009) (quoting Gordon v. State, 780 So.2d 17, 19 (Fla.2001)). The legislative intent may “be explicitly stated in a statute.” M.P. v. State, 682 So.2d 79, 81 (Fla.1996). If there is no explicit legislative intent to allow separate punishments for two crimes arising out of the same criminal transaction, courts must apply the Blockburger[1] test as codified in section 775.021(4), Florida Statutes (2011), to determine whether the legislature intended to allow separate punishments. M.P., 682 So.2d at 81.
In this case, section 847.0135(3)(b) expressly provides, “Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense.” Thus, there is an explicit statement of the legislature’s intent to authorize multiple punishments for each violation of section 847.0135(3)(b).
However, there is no explicit statement of intent to authorize multiple punishments for conduct that violates both section 847.0135(3)(b) and section 847.0135(4)(b). We recognize that the First District has reached the opposite conclusion. See Murphy, 124 So.3d at 330-31. The Murphy court reasoned that, by separately establishing and defining soliciting and traveling in different sections of the statute, the legislature expressed its intent to allow for multiple punishments for the crimes. Id. at 330.
We do not agree that the placement of the offenses in separate provisions constitutes an explicit statement of intent for purposes of a double jeopardy analysis. Compare M.P., 682 So.2d at 82 (holding that the legislature explicitly stated its intent to allow multiple punishments by providing “that ‘[t]he provisions of this section are supplemental to all other provisions of law1 ” (quoting § 790.22(7), Fla. Stat. (Supp.1994))), with Gorday v. State, 907 So.2d 640, 644 (Fla. 3d DCA 2005) (holding that there was “nothing in the language, structure, or legislative history of the credit card theft statute” that established an intent to allow for convictions under both the credit card statute and the armed robbery statute for an armed robbery of a purse containing a credit card).
*1141 There being no explicit statement of intent, we must proceed to a Blockburger analysis under section 775.021(4). Under that section, the legislature provided for three exceptions to the general rule authorizing multiple convictions for separate criminal offenses committed in the course of one criminal transaction or episode. Id. The exception that Shelley argues applies in this case is for “[ojffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b)(3).
To determine whether this exception applies we must analyze whether the soliciting offense contains an element that is not found in the traveling offense. See Pinder v. State, 128 So.3d 141, 142-48 (Fla. 5th DCA 2018). The soliciting offense is set forth in section 847.0135(3)(b) and provides, in pertinent part:
Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
[[Image here]]
(b) Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct, commits a felony of the third degree. ...
This language is repeated in the traveling offense which provides, in pertinent part:
Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
[[Image here]]
(b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 7%, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct, commits a felony of the second degree ....
§ 847.0135(4)(b) (emphasis added).
In essence, the traveling offense proscribes traveling to meet a child to engage in unlawful sexual contact after having solicited the child’s parent, legal guardian, or custodian or a person believed to be such. Thus, the soliciting offense does not contain an element that is not found in the traveling offense. See Hartley, 129 So.3d at 491; Pinder, 128 So.3d at 143. As a result, dual convictions for soliciting and traveling in the course of one criminal transaction or episode violate the prohibition against double jeopardy. Id.
The State asserts that because Shelley’s three separate uses of computer devices on the date charged in the information would have supported three separate soliciting charges, the soliciting charge is not subsumed by the traveling charge. We are not persuaded by this argument. The State only charged one use of computer devices to solicit, and that charge was based on a solicitation occurring on the same date as the traveling offense. We *1142 find no legal basis to deny a double jeopardy challenge based on uncharged conduct simply because it could have been charged. But we acknowledge that convictions for both soliciting and traveling may be legally imposed in cases in which the State has charged and proven separate uses of computer devices to solicit. See Hartley, 129 So.3d at 491 (vacating a soliciting conviction for conduct on the same date as the traveling conviction but affirming two soliciting convictions for conduct on different dates); Pinder, 128 So.3d at 144 (affirming soliciting and traveling convictions because the soliciting conduct was charged over multiple dates and the evidence established multiple offenses over multiple dates).
In conclusion, the convictions for both soliciting and traveling as charged in this case violate the prohibition against double jeopardy because the soliciting offense is subsumed by the traveling offense. We therefore affirm the conviction and sentence for traveling and vacate the conviction and sentence for soliciting. See Pizzo, 945 So.2d at 1207 (holding that the proper remedy for a double jeopardy violation is to vacate the subsumed offense). We also certify conflict with the First District’s decision in Murphy to the extent that it holds that the legislature explicitly stated its intent to allow separate convictions for soliciting and traveling for purposes of a double jeopardy analysis.
Affirmed in part and vacated in part; conflict certified.
NORTHCUTT and CRENSHAW, JJ., Concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).