NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KARL DOUGLAS DOOM,                    )
                                      )
           Appellant,                 )
                                      )
v.                                    )         Case No. 2D13-4223
                                      )
STATE OF FLORIDA,                     )
                                      )
           Appellee.                  )
_____   )

Opinion filed December 17, 2014.

Appeal from the Circuit Court for Sarasota
County; Charles E. Roberts, Judge.

Howard L. Dimmig, II, Public Defender,
and Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

          Karl Doom appeals following his no contest plea to use of a computer to

solicit sex with a minor and to traveling to meet a minor for sex, both crimes alleged to

have occurred on the same date.  The dual convictions violated the constitutional

protection against double jeopardy.  Accordingly, we reverse the conviction and

sentence for use of a computer to solicit sex with a minor.

Doom raises the double jeopardy violation as a matter of fundamental error. He relies on this court's decision in Shelley v. State, 134 So. 3d 1138, 1141 (Fla. 2d DCA), review granted, No. SC14-755 (Fla. July 1, 2014), in which we held that "dual convictions for soliciting and traveling in the course of one criminal transaction or episode violate the prohibition against double jeopardy."

The State maintains that Shelley was incorrectly decided, and it additionally argues that double jeopardy was not violated in this case because there were multiple communications that could have been charged as multiple counts. But this argument was also rejected in Shelley. See id. at 1141-42 ("The State only charged one use of computer devices to solicit, and that charge was based on a solicitation occurring on the same date as the travelling offense. We find no legal basis to deny a double jeopardy challenge based on uncharged conduct simply because it could have been charged."). Here, the State charged that both the solicitation and the traveling offenses occurred on February 9, 2013, thus bringing this case within the rule announced in Shelley. As we did in Shelley, we certify conflict with State v. Murphy, 124 So. 3d 323 (Fla. 1st DCA 2013).

Traveling conviction affirmed; soliciting conviction and sentence reversed; conflict certified.


LaROSE and CRENSHAW, JJ., Concur.