NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SANG YOUN KIM,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )       Case No. 2D13-6244
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed January 7, 2015.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Howard L. Dimmig, II, Public Defender, and
Richard P. Albertine, Jr., Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

            Sang Youn Kim pleaded no contest to traveling to seduce/solicit/entice a

child to commit a sex act and use of a computer to seduce/solicit/entice a child to

commit a sex act, reserving the right to appeal the denial of his motion to dismiss on

double jeopardy grounds.  Because these dual convictions violate the prohibition against double jeopardy, we affirm in part and vacate in part.

The record shows that on September 15, 2012, Kim responded to a Craigslist ad placed by an undercover officer.  The officer advised Kim—who was forty-six years old at the time—that he was communicating with a fourteen-year-old girl.  The next day (September 16), Kim continued communicating with the fictitious girl via email, indicating that he wanted to have sex with her.  He arranged to meet at a location in Manatee County that he believed was the girl's home, traveled from his Tampa home to the Manatee County location, and was taken into custody upon his arrival.

Kim was charged with traveling to seduce/solicit/entice a child to commit a sex act under section 847.0135(4)(a), Florida Statutes (2012), and use of a computer to seduce/solicit/entice a child to commit a sex act under section 847.0135(3)(a).  Both offenses were alleged to have occurred on September 16, 2012.  He moved to dismiss on double jeopardy grounds.  The trial court denied the motion, determining that the dual charges did not violate double jeopardy principles.

But in the recent opinion Shelley v. State, this court addressed a nearly identical issue, holding as follows:

> In essence, the traveling offense [under section 847.0135(4)(b)] proscribes traveling to meet a child to engage in unlawful sexual contact after having solicited the child's parent, legal guardian, or custodian or a person believed to be such.  Thus, the soliciting offense [under section 847.0135(3)(b)] does not contain an element that is not found in the traveling offense.  See [Hartley v. State, 129 So. 3d 486, 491 (Fla. 4th DCA 2014)]; [Pinder v. State, 128 So. 3d 141, 143 (Fla. 5th DCA 2013)].  As a result, dual convictions for soliciting and traveling in the course of one criminal transaction or episode violate the prohibition against double jeopardy.  Id.

134 So. 3d 1138, 1141 (Fla. 2d DCA), <u>review granted</u>, 147 So. 3d 527 (Fla. 2014). This analysis applies equally to the charges in question here, soliciting under section 847.0135(3)(a) and traveling under section 847.0135(4)(a), which run parallel to the statutory sections addressed in <u>Shelley</u>.[1] Thus, "the convictions for both soliciting and

---

[1]The statutory sections appear in their entirety as follows:

**(3) Certain uses of computer services or devices prohibited.--**Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:

(a) Seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child; or

(b) Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,

commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Any person who, in violating this subsection, misrepresents his or her age, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense.

**(4) Traveling to meet a minor.--**Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful

traveling as charged in this case violate the prohibition against double jeopardy because the soliciting offense is subsumed by the traveling offense." Shelley, 134 So. 3d at 1142. We affirm the conviction and sentence for traveling and vacate the conviction and sentence for soliciting. See id. We also certify conflict with the First District's decision in State v. Murphy, 124 So. 3d 323 (Fla. 1st DCA 2013), as this court did in Shelley. See id.

Affirmed in part and vacated in part; conflict certified.

LaROSE and SLEET, JJ., Concur.

---

sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:

(a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; or

(b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,

commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 847.0135.