PER CURIAM.
Luis Rodriguez appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Although Rodriguez raises several issues on appeal, only one merits discussion. Rodriguez argues that the trial court erred in summarily denying ground two of his motion, wherein he alleged that his counsel was ineffective for failing to advise him that his sentence potentially violated double jeopardy. On the limited record before us, we agree with Rodriguez. Accordingly, we affirm in part, reverse in part, and remand.
Rodriguez pleaded nolo contendere, was adjudicated guilty, and sentenced[1] for two offenses: (1) traveling to meet a minor for illegal sexual conduct, and (2) use of the Internet to lure a parent of a child. The first offense has two elements:
Travelling] ... any distance either within this state, to this state, or from this state by any means, [or] attempting] to do so, or ... causing] another to do so. or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to ... [s]olicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct....
*1164 § 847.0185(4)(b), Fla. Stat. (2011). The second offense has only one element:
[K]nowingly us[ing] a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to ... [sjolicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct....
§ 847.0135(3)(b), Fla. Stat. (2011).
Based on the statutory language, the second element of the first offense is identical to the single element of the second offense. As such, count two is a lesser-included offense of count one, and being convicted and sentenced for both offenses based on the same act of “soliciting” or “luring” violates double jeopardy. See Pinder v. State, 128 So.3d 141, 143 (Fla. 5th DCA 2013). Thus, Rodriguez claims that he would not have entered the nolo contendere pleas to both offenses had his counsel advised him of this double jeopardy issue.
In the order under review, the trial court found that the law enforcement arrest affidavit conclusively refuted ground two because it demonstrated that Rodriguez used the Internet to lure a child on February 20, 2012, and that he traveled to meet the child for illegal sexual conduct on February 25, 2012. A review of the arrest affidavit, however, does not support that finding.
The arrest affidavit explains that, as part of an undercover operation, a law enforcement officer posted an advertisement on Craigslist titled: “Bored at home! -ww4m36-(The Villages).”[2] The advertisement further explained, “At home bored on Pres Day ... looking for someone to come play with me and my plus one. Serious only-discretion a must. Put plus one in the subject line so I know you are real.” Rodriguez responded to this advertisement on February 20, 2012. Notably, the advertisement does not mention any minor or that the poster is the parent of a minor. Thus, the trial court erred to the extent it found that Rodriguez’s February 20, 2012 response amounted to “luring a child.”
The arrest affidavit further reflects that, four days after Rodriguez’s initial response to the advertisement, the undercover officer replied to Rodriguez, claiming to be the mother of a thirteen-year-old girl “who was in need of direction in terms of sexual contact.” In response, Rodriguez expressed interest and asked for photos of the child. According to the affidavit, “As the correspondence continued, [Rodriguez] continued communication under the belief that he was communicating directly with the 13-year-old child.” Finally, the arrest affidavit asserts that Rodriguez agreed to bring condoms and lubricant to a McDonald’s restaurant, and later that night, he arrived at the agreed-upon location. Therefore, according to the arrest affidavit, Rodriguez committed his first act of “luring” less than seven hours before he was arrested at the location to which he traveled to meet the child for sex. In sum, the record does not conclusively refute Rodriguez’s allegations that the communications constituted a single, continuous email “conversation.”
Additionally, our review of this issue is hampered because the trial court failed to attach a copy of the information. The lack of an information renders it impossible to determine whether a separate act of “luring” was charged in each count. See Shel *1165 ley v. State, 134 So.3d 1138, 1141-42 (Fla. 2d DCA 2014); Barnett v. State, 159 So.3d 922 (Fla. 5th DCA 2015).
Accordingly, we affirm in part, reverse in part, and remand for the court to either hold an evidentiary hearing or attach portions of the record that conclusively refute Rodriguez’s ineffective assistance of counsel claim.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
TORPY, C.J., PALMER and COHEN, JJ., concur.

. Rodriguez was sentenced to two concurrent five year terms, with credit for time served.

. The affidavit clarifies that “ww4m” means women/women seeking men.