NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTOPHER CHEPELEVICH,                    )
                                            )
                Appellant,                  )
                                            )
v.                                          )          Case No. 2D13-6219
                                            )
STATE OF FLORIDA,                           )
                                            )
                Appellee.                   )
_____     )

Opinion filed October 14, 2015.

Appeal from the Circuit Court for Lee
County; Thomas S. Reese, Judge.

Howard L. Dimmig, II, Public Defender,
and Anthony W. Surber, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


CRENSHAW, Judge.

        Christopher Chepelevich challenges his convictions for use of a computer

to solicit a child for unlawful sexual activity as criminalized by section 847.0135(3)(a),

Florida Statutes (2012), and traveling to meet a child for the purpose of engaging in

unlawful sexual activity as criminalized by section 847.0135(4)(a), on the grounds that they violate the prohibition against double jeopardy.[1] "[D]ual convictions for solicitation and traveling after solicitation based upon the same conduct impermissibly place [the defendant] in double jeopardy . . . ." State v. Shelley, 40 Fla. L. Weekly S362, S364 (Fla. June 25, 2015). Because his dual convictions were based upon the same conduct, they violate the prohibition against double jeopardy. See Sang Youn Kim v. State, 154 So. 3d 1168, 1169-70 (Fla. 2d DCA 2015). Accordingly, we affirm the conviction and sentence for traveling and vacate the conviction and sentence for soliciting as the soliciting offense is subsumed by the traveling offense. Id. at 1170.

Affirmed in part and vacated in part.

KELLY and WALLACE, JJ., Concur.

---

[1]We reject Chepelevich's other argument raised on appeal without further discussion.