NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HECTOR RODRIGUEZ, )
)
Appellant, )
)
v. ) Case No. 2D14-272
)
STATE OF FLORIDA, )
)
Appellee. )
_____)

Opinion filed January 29, 2016.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Howard L. Dimmig, II, Public Defender, and
Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.

KHOUZAM, Judge.

Hector Rodriguez appeals his judgments and sentences for traveling to

seduce/solicit/entice a child to commit a sex act, use of a computer to seduce/solicit a

child to commit a sex act, and attempted lewd or lascivious battery. Because his

convictions for soliciting and traveling violate double jeopardy, we reverse and vacate Rodriguez's conviction and sentence for soliciting. We affirm the other issues raised without comment.

Rodriguez was arrested as a part of "Green Sheppard II," an undercover operation in which detectives posed as minors online in an attempt to apprehend sex offenders. The arrest report provided that on March 19, 2013, Rodriguez communicated with a person he believed to be a fourteen-year-old girl named "Kaitlyn" and that the communications turned sexual in nature. Rodriguez was apprehended on the same day when he traveled to a retail pharmacy to meet "Kaitlyn." The State charged Rodriguez with traveling to seduce/solicit/entice a child to commit a sex act, § 847.0135(4), Fla. Stat. (2012), use of a computer to seduce/solicit a child to commit a sex act, § 847.0135(3), and attempted lewd or lascivious battery, § 800.04(4)(a), Fla. Stat. (2012). In pertinent part, the information alleged that on or about March 19, 2013, Rodriguez traveled with the purpose of engaging in unlawful sexual conduct with "Kaitlyn." The information also alleged that "on one or more occasions on or between the dates of February 12, 2013[,] and March 19, 2013[,]" Rodriguez used a computer to solicit "Kaitlyn."

Rodriguez filed a motion to suppress physical evidence. However, when that motion was denied after a hearing, Rodriguez entered an open plea to the charges. During the plea colloquy, the parties stipulated as to the factual basis for the charges. The court relied on the probable cause affidavit and "the evidence as it relate[d] to the charge itself" in finding that there was a sufficient factual basis.

Rodriguez appealed. During the pendency of his appeal, this court held convictions for both soliciting and traveling violate double jeopardy principles because the soliciting offense is subsumed by the traveling offense, and the supreme court approved our holding. See Shelley v. State, 134 So. 3d 1138, 1142 (Fla. 2d DCA 2014), approved, 40 Fla. L. Weekly S362 (Fla. June 25, 2015).

On appeal, Rodriguez argues that under Shelley, his convictions for soliciting and traveling violate double jeopardy. As a threshold matter, Rodriguez's double jeopardy claim is not precluded by his no-contest plea. While generally a plea will preclude a double jeopardy challenge on appeal, an exception exists when "(a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation." Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994). These requirements are met in this case.

The State argues that because the information charged separate dates for the traveling and soliciting charges, the prohibition against double jeopardy is not violated. We disagree. In our reading of the record, the double jeopardy violation is apparent. The dates charged for these offenses overlap. The State alleged that Rodriguez solicited "on one or more occasions on or between the dates of February 12, 2013[,] and March 19, 2013[,]" and that he traveled on or about March 19, 2013. More importantly, the factual basis for the plea consisted of facts that only occurred on March 19, 2013. The court relied on the probable cause affidavit and "the evidence as it relates to the charge itself" in accepting the plea. However, the probable cause affidavit only alleged facts occurring on March 19, 2013. Furthermore, the evidence introduced

at the hearing on the motion to suppress only pertained to facts that occurred on that same day.  Thus, on the record before this court, there is no factual basis supporting the conclusion that Rodriguez solicited on any other day but March 19, 2013—the same day it was alleged that he traveled.[1]  His dual convictions for soliciting and traveling cannot stand.  See Shelley, 134 So. 3d at 1142; see also Meythaler v. State, 175 So. 3d 918, 919 (Fla. 2d DCA 2015) ("[B]ecause the only solicitation offense alleged in the information occurred on the same day as the traveling offense, the double jeopardy violation is apparent on the face of the record."); Sang Youn Kim v. State, 154 So. 3d 1168, 1169 (Fla. 2d DCA 2015) (vacating solicitation offense where the information alleged it occurred on the same day as the traveling offense); Doom v. State, 153 So. 3d 382, 383 (Fla. 2d DCA 2014) ("Here, the State charged that both the solicitation and the traveling offenses occurred on February 9, 2013, thus bringing this case within the rule announced in Shelley.").

Accordingly, we vacate Rodriguez's judgment and sentence for soliciting. We affirm his convictions and sentences for traveling to meet a minor and attempted lewd or lascivious battery.

Affirmed in part and vacated in part.


MORRIS and BADALAMENTI, JJ., Concur.

---

[1]We take this opportunity to remind the trial court of the importance of ensuring that a factual basis for the plea exists and to caution that a "stipulation, standing alone, does not fulfill the requirements of the court to establish a factual basis as mandated by Florida Rule of Criminal Procedure 3.172(a)." Farran v. State, 694 So. 2d 877, 878 (Fla. 2d DCA 1997).