NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DOMINGO RIVERA,                      )
                                     )
          Appellant,               )
                                     )
v.                                   )          Case No. 2D13-6103
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                )
_____)

Opinion filed February 17, 2016.

Appeal from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

        Domingo Rivera challenges his convictions and sentences for using a

computer to lure or entice a child to engage in a sexual act and traveling to meet a

minor for that same purpose. Based on the reasoning set forth in this court's opinion in

Shelley v. State, 134 So. 3d 1138 (Fla. 2d DCA 2014), which was recently upheld in State v. Shelley, 176 So. 3d 914 (Fla. 2015), it is a violation of the prohibition against double jeopardy to convict a defendant for violations of sections 847.0135(3)(a) and (4)(a), Florida Statutes (2011), for actions that occur as part of the same criminal episode. See also Chepelevich v. State, 2D13-6219, 2015 WL 5946849, at *1 (Fla. 2d DCA Oct. 14, 2015). Rivera's convictions for the offenses of traveling to meet a minor and use of a computer indisputably arise out of the same criminal episode.

This case was briefed while Shelley was pending at the supreme court. The State essentially conceded that the supreme court's opinion would control the result here. We also see no material distinction between this case and Shelley. Accordingly, we reverse Rivera's judgment and sentence for using a computer to lure or entice a child and direct the trial court on remand to vacate Rivera's judgment and sentence for this count. We find no error in regard to Rivera's remaining issue on appeal—that the trial court erred in denying his motion for judgment of acquittal based on entrapment— and affirm his conviction and sentence for traveling to meet a minor without comment.

Affirmed in part; reversed in part; remanded with instructions.


LaROSE and SLEET, JJ., Concur.