IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID F. HONAKER,

       Appellant,

 v.                                  Case No.  5D15-4156

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed August 19, 2016

3.850 Appeal from the Circuit Court
for Sumter County,
William H. Hallman, III, Judge.

David F. Honaker, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.

WALLIS, J.,

     David F. Honaker ("Appellant") pro se appeals the denial of his Florida Rule of
Criminal Procedure 3.850 motion for postconviction relief. Appellant argues, and we
agree, that his dual convictions for use of a computer to solicit the parent of a child to
consent to sexual activity with the child, in violation of section 847.0135(3)(b), Florida
Statutes (2012) (solicitation), and  traveling to meet a minor to engage in unlawful sexual
activity, in violation of section 847.0135(4)(b), Florida Statutes (2012) (traveling after

solicitation), violate the prohibition against double jeopardy. We also find that Appellant's dual convictions for unlawful use of a two-way communications device, in violation of section 934.215, Florida Statutes (2012), and traveling after solicitation violate double jeopardy. We reverse and remand for the trial court to vacate Appellant's convictions and sentences for unlawful use of a two-way communications device and solicitation, and for resentencing. We affirm in all other respects.

On February 21, 2012, law enforcement posted an ad in the casual encounters section of Craigslist, posing as a mother seeking an "open minded guy for fun times with family." Appellant responded to the ad, inquiring as to whether the poster meant that she wished to engage in sexual activity with her daughter and another man. The officer responded affirmatively, stating that her daughter was "14 and wanting to learn about sex." Appellant indicated that he was interested, and proceeded to engage in inappropriate communications, via text message and email, over the next four days. On February 25, Appellant traveled to an address provided by law enforcement to engage in sexual activity with the mother and minor child, and law enforcement arrested him upon arrival.

The State charged Appellant with one count of each of the following: unlawful use of a two-way communications device; solicitation; and traveling after solicitation. The information indicates that all three counts stem from Appellant's actions on February 25, 2012. The case proceeded to trial, and the jury found Appellant guilty on all charges. The trial court sentenced Appellant to three concurrent terms of 60 months' incarceration.[1] On

---

[1] This court per curiam affirmed Appellant's direct appeal of his convictions and sentences. Honaker v. State, 129 So. 3d 1081 (Fla. 5th DCA 2013).

January 5, 2015, Appellant moved for postconviction relief, alleging his dual convictions for solicitation and traveling after solicitation violated double jeopardy. The trial court denied the motion, and we subsequently granted a belated appeal.

Our court previously addressed the argument that dual convictions for solicitation and traveling after solicitation violate the prohibition against double jeopardy. See Pinder v. State, 128 So. 3d 141 (Fla. 5th DCA 2013). As we explained in Pinder,

> There is no doubt that subsection (4)(b) contains a "travel" element that is not found in subsection (3)(b). However, we agree with Pinder that subsection (3)(b) does not contain an element that is not found in subsection (4)(b). Thus, if a defendant solicited unlawful sexual activity with a minor through a single use of a computer device prior to traveling to meet the minor for unlawful sexual activity, double jeopardy principles would preclude convictions under both subsections.

Id. at 143 (footnote omitted) (citing § 775.021(4)(b)3., Fla. Stat. (2011)). Nonetheless, we ultimately determined that no double jeopardy violation occurred because the defendant engaged in multiple acts of solicitation over an eight-day period before traveling to meet the minor child. Id. at 144.

The Florida Supreme Court has since clarified this issue. See State v. Shelley, 176 So. 3d 914 (Fla. 2015), reh'g denied (Oct. 9, 2015). The Court explained its holding as follows:

> Based on the plain language of section 847.0135, we hold that the Legislature has not explicitly stated its intent to authorize separate convictions and punishments for conduct that constitutes both solicitation under subsection (3)(b) and traveling after solicitation under subsection (4)(b). Moreover, because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the Blockburger [v. United States, 284 U.S.299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] same-elements test codified in section 775.021(4), Florida Statutes. . . . Therefore, double jeopardy

3

> principles prohibit separate convictions based upon the same conduct.

Id. at 919 (citation omitted). Following Shelley, our court has held that double jeopardy prohibits dual convictions when a defendant is charged for "single counts of solicitation and traveling based on the same conduct." Stapler v. State, 190 So. 3d 162, 165 (Fla. 5th DCA 2016) (citing Agama v. State, 181 So. 3d 571, 571 (Fla. 2d DCA 2015)). When a double jeopardy violation occurs, "the proper remedy is to vacate the solicitation conviction because it is the lesser offense." Senger v. State, 41 Fla. L. Weekly D1259 (Fla. 5th DCA May 27, 2016) (citing Shelley, 176 So. 3d at 919). Similarly, multiple courts have concluded that dual convictions for unlawful use of a two-way communications device and traveling after solicitation violate the prohibition against double jeopardy when based upon the same conduct. See, e.g., Holt v. State, 173 So. 3d 1079, 1081 (Fla. 5th DCA 2015); Hamilton v. State, 163 So. 2d 1277, 1279 (Fla. 1st DCA 2015).

We find that Appellant's convictions for unlawful use of a two-way communications device, solicitation, and traveling after solicitation cannot all stand because, based on the information, all three charges arose from the same conduct. See Shelley, 176 So. 3d at 919. Although Appellant did not raise a double jeopardy challenge to the dual convictions for traveling and unlawful use of a two-way communications device, a double jeopardy violation amounts to fundamental error, see Bailey v. State, 21 So. 3d 147, 149 (Fla. 5th DCA 2009), and we may sua sponte address fundamental error apparent on the face of the record, see Williams v. State, 280 So. 2d 518, 519 (Fla. 3d DCA 1973). Accordingly, we reverse and remand for the trial court to vacate Appellant's convictions and sentences for unlawful use of a two-way communications device and solicitation, the lesser offenses, and for resentencing. We affirm in all other respects.

4

AFFIRMED in part; REVERSED in part; REMANDED with Instructions.


TORPY and LAMBERT, JJ., concur.