DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.V.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-442

[ July 5, 2017 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 502015CJ002951AMB.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

J.V. appeals a disposition order adjudicating him delinquent for multiple crimes, including two counts of possession of drug paraphernalia. Appellant argues that his adjudications on two separate counts for possession of drug paraphernalia arising from the same incident violated double jeopardy. We decline to reach the double jeopardy issue and, instead, reverse the adjudications on both paraphernalia counts because of a fundamental defect in the petition for delinquency.

After a traffic stop and search of the vehicle in which appellant was a passenger, police officers found a firearm and packaged narcotics inside the engine compartment. The narcotics were contained in a small piece of plastic that looked "like a corner of a grocery bag," and inside the plastic was "a cellophane wrapper which contained the Heroin and then a loose piece of rock cocaine." Appellant admitted that both the gun and the drugs belonged to him, and that he put them underneath the hood of the car.

Pertinent to this appeal, appellant was charged by juvenile delinquency

petition with two counts of possession of drug paraphernalia under section 893.147, Florida Statutes (2015). This section states in relevant part:

> (1) USE OR POSSESSION OF DRUG PARAPHERNALIA.—It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia:
>
> (a) To plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this chapter; or
>
> (b) To inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.

§ 893.147(1), Fla. Stat. (2015).

Count V of the petition charged appellant with possession of paraphernalia, specifically a plastic bundle, and Count VI charged him with possession of paraphernalia, specifically cellophane wrap. Both counts charged appellant with possession of "drug paraphernalia being used, intended for use, or designed for use in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, contrary to Florida Statute section 893.147(1)(b)."

At trial, however, the state prosecuted appellant on the theory that appellant used or possessed drug paraphernalia to "pack, repack, store, contain, or conceal" a controlled substance, which would be a violation of section 893.147(1)(a). Yet, as noted above, the state did not allege that element in the delinquency petition; nor did the state cite section 893.147(1)(a) in the petition. The petition was thus fundamentally defective as to Counts V and VI because those counts cited the wrong statutory provision and failed to allege an essential element of the crime for which appellant was tried. *See Morgan v. State*, 146 So. 3d 508, 512 (Fla. 5th DCA 2014) ("[A] criminal defendant is entitled to a trial on the charges contained in the information and may not be prosecuted for uncharged offenses, even if they are of the same general character or constitute alternative ways of committing the charged offense."); *see also Castillo v. State*, 929 So. 2d 1180, 1181 (Fla. 4th DCA 2006) ("It is a basic tenet of constitutional law that due process is violated when an individual is convicted of a crime not charged in the charging instrument.").

Although appellant does not raise this issue on appeal, we conclude

2

that the fundamental defect in the charging document amounts to fundamental error which can be addressed sua sponte. *See Honaker v. State*, 199 So. 3d 1068, 1070 (Fla. 5th DCA 2016) ("[W]e may sua sponte address fundamental error apparent on the face of the record.").

Accordingly, we reverse and remand for the trial court to enter a corrected disposition order reflecting a dismissal of Counts V and VI. Because we are remanding for a dismissal of these possession of paraphernalia counts, we need not address appellant's double jeopardy argument regarding his adjudications for both counts of possession of paraphernalia.

*Reversed and Remanded.*

MAY and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3