NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MALCOLM WATKINS,     )
     )
        Appellant,     )
     )
v.     )     Case No. 2D16-219
     )
STATE OF FLORIDA,     )
     )
        Appellee.     )
     )

Opinion filed March 14, 2018.

Appeal from the Circuit Court for
Polk County; Reinaldo Ojeda, Judge.

William R. Ponall of Ponall Law,
Maitland, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ha Thu Dao, Assistant
Attorney General, Tampa; and Laurie
Benoit-Knox, Assistant Attorney General,
Tampa (substituted as counsel of
record), for Appellee.


PER CURIAM.

Malcolm Watkins appeals his judgment and sentences for (1) use of a

computer to solicit a child for unlawful sexual activity in violation of section

847.0135(3)(b), Florida Statutes (2010); (2) traveling to meet a child for the purpose of

engaging in unlawful sexual activity in violation of section 847.0135(4)(b); (3) attempted

lewd battery on a child in violation of sections 800.04(4) and 777.04, Florida Statutes (2010); and (4) unlawful use of a two-way communications device in violation of section 934.215, Florida Statutes (2010).  Of the several claims Watkins raises, we find merit only to the claim that convictions for both traveling to meet a minor and unlawful use of a two-way communications device violate double jeopardy.  "[P]roof of the unlawful use of a two-way communications device [is] subsumed within the proof of the . . . traveling offense[]," Batchelor v. State, 193 So. 3d 1054, 1058 (Fla. 2d DCA 2016) (quoting Mizner v. State, 154 So. 3d 391, 399 (Fla. 2d DCA 2014)), and "there is no indication in the record that these two crimes were committed other than as part of the same criminal episode," Bermudez v. State, No. 15-4361, 2018 WL 560369 at *1 (Fla. 2d DCA Jan. 26, 2018).  Because one of the two offenses Watkins was convicted of was entirely proven by the other, and the record shows that Watkins had committed both offenses during the same criminal episode, convictions for both offenses violated double jeopardy.  See Chepelevich v. State, 184 So. 3d 1138 (Fla. 2d DCA 2015).  As such, we reverse and remand for the trial court to vacate Watkins' judgment and sentence for unlawful use of a two-way communications device.  We affirm all other claims raised in this appeal.

Affirmed in part, reversed in part, and remanded with instructions.

CASANUEVA, CRENSHAW, and SLEET, JJ., Concur.