NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| JOHANDY MOREJON-MEDINA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2D18-3539 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Opinion filed August 14, 2019.

Petition Alleging Ineffective Assistance of
Appellate Counsel.  Sarasota County;
Thomas Krug, Judge.

Brett D. McIntosh and Kevin M. Griffith of
Brett D. McIntosh, P.A., for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Bilal Ahmed Faruqui,
Assistant Attorney General, Tampa
(withdrew after briefing), Allison C. Heim,
Assistant Attorney General, Tampa
(substituted as counsel of record), for
Respondent.


ATKINSON, Judge.

Johandy Morejon-Medina (Medina), in a petition filed under Florida Rule of

Appellate Procedure 9.141(d), alleges that his appellate counsel was ineffective for

failing to argue that his convictions violate double jeopardy under State v. Shelley, 176

So. 3d 914 (Fla. 2015).  Although we disagree that counsel's performance was deficient

at the time of the appeal, under current law Medina's convictions violate double jeopardy, constituting fundamental error on the face of the record that we are bound to correct.[1]

On February 12, 2013, Medina responded to an online ad posted by a police officer posing as a girl looking for "fun guys" to "hang out" with in Sarasota. In the afternoon of February 13, the girl informed Medina that she was fourteen years old, and Medina acknowledged the girl's purported age the next day. In the afternoon of February 14, Medina steered the conversation towards sex and discussed sexual acts that he wanted to perform with the fourteen-year-old girl. On February 15, Medina reinitiated communication with the fourteen-year-old girl, stated that he wanted to perform sexual acts with her, and then arrived at the address she provided.

The State charged Medina with using a computer to solicit a child to commit a sex act (solicitation) "on or between February 12, 2013 and February 14, 2013," in violation of section 847.0135(3)(a), Florida Statutes (2012), and traveling after soliciting a child to commit a sex act (traveling after solicitation) "on or about February 15, 2013," in violation of section 847.0135(4)(a). After a jury found him guilty as charged, Medina was sentenced to concurrent terms of forty-two months' imprisonment followed by eighteen months' sex offender probation. We affirmed his convictions. Medina v. State, 206 So. 3d 46 (Fla. 2d DCA 2016) (table).

To establish a claim of ineffective assistance of appellate counsel, the petitioner must show that counsel's performance was deficient—that it "deviated from

---

[1]We find that Medina's other ground lacks merit and deny relief without discussion.

- 2 -

the norm or fell outside the range of professionally acceptable performance." Downs v. Moore, 801 So. 2d 906, 909 (Fla. 2001) (quoting Wilson v. Wainwright, 474 So. 2d 1162, 1163 (Fla 1985)). The petitioner must also show prejudice—that appellate counsel's deficient performance "compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result." Id. at 909–10. "Although this court must apply the law in effect at the time of the appeal to determine whether counsel's performance was deficient, we must apply the current law to determine whether [the petitioner] is entitled to relief . . . ." Brown v. State, 25 So. 3d 78, 80 (Fla. 2d DCA 2009) (footnote omitted).

Medina argues that appellate counsel was ineffective for failing to argue on appeal, as trial counsel had unsuccessfully argued below, that his convictions for solicitation and traveling after solicitation violate double jeopardy under Shelley, which issued four months before counsel filed the initial brief. There, Shelley replied to a Craigslist ad posted by a police officer impersonating a mother "looking for family fun." Shelley, 176 So. 3d at 916 (quoting Shelley v. State, 134 So. 3d 1138, 1139 (Fla. 2d DCA 2014)). Through electronic communications over the course of several days, Shelley arranged to have sex with the "mother" and her "ten-year-old daughter." Id. After Shelley was arrested at the agreed location, the State charged him with solicitation under section 847.0135(3)(b) and traveling after solicitation under section 847.0135(4)(b).[2] Id. at 916–17. The State alleged both offenses occurred on the same date. Id. at 917.

_____

[2]While Shelley involved violations of sections 847.0135(3)(b) and (4)(b), and Medina was charged with violating sections 847.0135(3)(a) and (4)(a), "the only difference between the subsections is who the defendant believes he or she is

- 3 -

On appeal, we held that Shelley's convictions for solicitation and traveling after solicitation based upon the same conduct violated double jeopardy. Shelley, 134 So. 3d at 1142. The supreme court approved our decision and held that "because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the Blockburger [v. United States, 284 U.S. 299 (1932)] same-elements test . . . . Therefore, double jeopardy principles prohibit separate convictions based on the same conduct." Shelley, 176 So. 3d at 919.

In this case, the State acknowledges the supreme court's holding in Shelley but argues that "convictions for both soliciting and traveling may be legally imposed in cases in which the State has charged and proven separate uses of computer devices to solicit." Shelley, 134 So. 3d at 1142. The State contends that it charged and proved at trial that Medina committed separate acts of solicitation on February 14 and February 15 before Medina traveled on February 15 to the address provided by the fourteen-year-old girl. As such, the State argues that Medina's solicitation and traveling after solicitation convictions did not violate double jeopardy because the State charged and proved separate offenses that occurred on separate dates; thus, Medina cannot show deficient performance by appellate counsel.

---

soliciting," i.e., the parent, custodian, or guardian or the child or a person believed to be a child. Lee v. State, 258 So. 3d 1297, 1302 n.9 (Fla. 2018). Indeed, this court extended its reasoning in Shelley to solicitation under section 847.0135(3)(a) and traveling under section 847.0135(4)(a), noting that they "run parallel to the statutory sections addressed in Shelley." Sang Youn Kim v. State, 154 So. 3d 1168, 1169 (Fla. 2d DCA 2015).

Here, unlike Shelley, where the State alleged both offenses occurred on the same date, the State alleged separate dates in the separate counts. See Shelley, 176 So. 3d at 917. The information identifies the solicitation charge occurring "on or between February 12, 2013 and February 14, 2013" and the traveling after solicitation charge occurring "on or about February 15, 2013." On its face, the information supports an interpretation that the solicitation underlying the traveling charge happened on February 15—a day other than the solicitation alleged to have occurred between February 12 and February 14. Reading the information to mean that the solicitation underlying the traveling charge occurred on February 15, it follows that the solicitation underlying the solicitation charge was a separate act because that act could not have occurred any day after February 14.

The record supports this. It shows that, on February 14, Medina used a computer device to solicit whom he believed to be a child to participate in unlawful sexual conduct. The record also shows that the next day, on February 15, Medina used a computer device to solicit the purported child to engage in unlawful sexual conduct before he traveled to meet the child. In Shelley, the State relied on the record—which showed that Shelley committed three separate acts of solicitation on the same day—for its argument that the solicitation charge was not subsumed by the traveling charge. Shelley, 134 So. 3d at 1141. We rejected this argument, finding that the State could not rely on evidence adduced at trial that might support separate offenses if the State did not charge them separately in the information. Id. at 1141–42 ("We find no legal basis to deny a double jeopardy challenge based on uncharged conduct simply because it could have been charged."). However, nothing in either Shelley opinion precludes

- 5 -

consideration of the evidence adduced at trial when the information, on its face, supports an interpretation that the State relied on separate acts of solicitation.

Almost two years after the mandate issued in Medina's direct appeal, the supreme court in Lee v. State, 258 So. 3d 1297 (Fla. 2018), addressed a conflict in the district courts over how a reviewing court should determine whether multiple convictions are based on the same conduct. Id. at 1303. There, Lee was charged with one count of solicitation, one count of traveling after solicitation, and one count of unlawful use of a two-way communication device. Id. at 1300. The traveling offense was alleged to have occurred "on or about January 2, 2014," while the other offenses were alleged to have occurred "on one or more occasions between December 22, 2013, and January 1, 2014." Id. Although the State alleged separate dates in the separate counts, as the State did here, the supreme court held that the information did not clearly show "that the State relied on separate conduct to charge the offenses" and that it was "impossible to know whether the jury convicted Lee of all three offenses based on the same act of solicitation." Id. at 1304. The supreme court also held that courts must "consider only the charging document—not the entire evidentiary record" when determining whether convictions of these offenses that are based upon the same conduct violate double jeopardy. Id.

The Lee opinion now requires that the charging document itself foreclose any possibility that the solicitation underlying the traveling charge was the same as that underlying the solicitation charge. However, Medina's appellate counsel did not have the benefit of Lee when drafting the initial brief in Medina's direct appeal. Because the information, on its face, supports an interpretation that the State relied on separate acts

of solicitation, and the evidence adduced at trial established that separate acts of solicitation occurred, it cannot be said that appellate counsel's conduct "fell outside the range of professional acceptable performance" when he failed to raise a double jeopardy violation under Shelley. Downs, 801 So. 2d at 909. Because Shelley was the law in effect at the time of Medina's appeal, we conclude that Medina's appellate counsel's performance was not deficient.

However, under Lee, Medina's convictions for solicitation and traveling after solicitation violate double jeopardy because the information itself does not make clear that the solicitation charge is separate and distinct from the solicitation underlying the travel charge. Although the information supports an interpretation that the State relied on separate acts of solicitation, it does not foreclose the possibility that the State relied on the same act of solicitation. And, bound by Lee, we must not consider that the evidence adduced at trial supported separate acts of solicitation for each charge.

A double jeopardy violation constitutes fundamental error, State v. Johnson, 483 So. 2d 420, 421 (Fla. 1986), which we are required to correct sua sponte if it is apparent on the face of the record, Phelps v. State, 236 So. 3d 1162, 1164 (Fla. 2d DCA 2018). As such, we must vacate Medina's conviction and sentence for solicitation and remand for resentencing based on a corrected scoresheet. See Pamblanco v. State, 199 So. 3d 507, 507 (Fla. 5th DCA 2016); Lashley v. State, 194 So. 3d 1084, 1086 (Fla. 1st DCA 2016). Medina failed to establish ineffective assistance of appellate counsel, but we treat his assertion of a double jeopardy violation as a request for a writ of habeas corpus and grant it. See, e.g., Lago v. State, 975 So. 2d 613, 614 (Fla. 3d DCA 2008).

Petition granted in part and denied in part.


CASANUEVA and LaROSE, JJ., Concur.