ORFINGER, C.J.
Dennis J. Carlisle appeals his convictions of attempted lewd and lascivious battery and traveling to meet a minor (for sexual conduct). We affirm.
Mr. Carlisle contends that the trial court erred in denying his motion for judgment of acquittal regarding the charge of attempted lewd and lascivious battery. We disagree, finding this case is controlled by Bist v. State, 35 So.3d 936 (Fla. 5th DCA 2010). Mr. Carlisle took significant steps toward consummating his desire to have sex with a person he believed was a thirteen-year-old boy. He conducted sexually explicit email and text exchanges and arranged to meet the boy and his father to engage in sexual activity. Beyond these preparatory acts, Mr. Carlisle drove to the boy’s home, arriving with lubricant to utilize in his sexual escapades. These acts, viewed in the light most favorable to the *627 State, are sufficient to prove a prima facie case of attempted lewd and lascivious battery.
Mr. Carlisle also argues that it was error to deny his request for an evi-dentiary hearing to determine whether the use of restraints was necessary during his trial. We agree. As a general rule, a defendant has the right to appear before the jury free from physical restraints. See Illinois v. Allen, 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The Sixth Amendment guarantee of the right to a fair trial means that an accused “is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial.” Taylor v. Kentucky, 436 U.S. 478, 485, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). However, while this right is not absolute, since it is an “inherently prejudicial practice,” the use of restraints is permissible only when justified “by an essential state interest specific to each trial.” Holbrook v. Flynn, 475 U.S. 560, 568-69, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986).
In Bello v. State, 547 So.2d 914 (Fla.1989), the court held that a hearing on necessity must precede the decision to shackle, if a defendant timely objects and requests an inquiry into the necessity for the restraints.[1] Here, apparently the sheriff, not the court, made the decision to shackle Mr. Carlisle. The court should not blindly defer to the security measures established by the sheriff or other security official. See Jackson v. State, 698 So.2d 1299, 1302 (Fla. 4th DCA 1997); McCoy v. State, 503 So.2d 371 (Fla. 5th DCA 1987). Shackling must not be done absent some showing of necessity. Bello, 547 So.2d at 918. That did not occur here. Mr. Car-lisle’s request for a hearing should have been granted.
While the trial court erred in requiring Mr. Carlisle to be shackled in the jury’s presence, the error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986) (stating harmless error test places burden on state to prove beyond reasonable doubt that error complained of did not contribute to resulting verdict). Here, the court took action to limit the jury’s awareness of the shackles. Further, the evidence was not in substantial dispute. The jury had copies of the relevant emails and text messages, together with Mr. Carlisle’s inculpatory statement. The trial court’s error in failing to make a case-specific, individual assessment of the nature of any danger posed by the Mr. Car-lisle was harmless beyond a reasonable doubt. Accordingly, we affirm Mr. Car-lisle’s convictions.
AFFIRMED.
SAWAYA and COHEN, JJ., concur.

. In deciding whether to physically restrain a defendant and what method to use, the court must balance its obligation to maintain courtroom safety against the risk "that the security measures may impair the defendant’s presumption of innocence.” Diaz v. State, 513 So.2d 1045, 1046 (Fla.1987). A court may order physical restraints only if it is found to be necessary to maintain the security of the courtroom. Id. Before ordering a defendant shackled at trial, the trial court must make a case-specific and individualized assessment that considers: (1) the defendant’s criminal history and the nature of the pending charges, with special attention to whether either involved violent acts; (2) whether the defendant has disrupted criminal proceedings in the past; and (3) whether the defendant has engaged in any threatening behavior. U.S. v. Talley, 315 Fed.Appx. 134, 145 (11th Cir.2008).