NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WALTER EXANTUS,                         )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D13-3630
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
                                        )
_____ )

Opinion filed October 10, 2014.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender, and
Richard Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellee.


SLEET, Judge.

          Walter Lee Exantus appeals the order withholding adjudication and

sentencing him to probation following a jury trial.  Exantus raises three issues on

appeal.  We affirm the first two issues without further comment.  In his third issue,

Exantus argues that his convictions for receiving information about a minor, count three;

unlawful use of a two-way communication device, count four; and traveling to meet a minor, count one, violate double jeopardy because they were a part of a single episode and counts three and four are subsumed under count one. We agree and vacate Exantus's convictions for counts three and four.

We review an alleged violation of double jeopardy based on undisputed facts de novo. See Binns v. State, 979 So. 2d 439, 441 (Fla. 4th DCA 2008). There is no statement of intent to authorize multiple punishments for the same crime in sections 847.0135(2), (4), Florida Statutes (2011), or section 934.215, Florida Statutes (2011). See Shelley v. State, 134 So. 3d 1138, 1140 (Fla. 2d DCA 2014). In Shelley, this court considered the text of section 847.0135(3) and held that although "there is an explicit statement of the legislature's intent to authorize multiple punishments for each violation of section 847.0135(3)(b) . . . there is no explicit statement of intent to authorize multiple punishments for conduct that violates both section 847.0135(3)(b) and section 847.0135(4)(b)." Id. But see Griffis v. State, 133 So. 3d 653, 654 (Fla. 1st DCA 2014) (holding "that dual convictions for solicitation of a minor and traveling to meet the minor do not violate double jeopardy because sections 847.0135(3) and (4) reflect a clear legislative intent to punish the offenses separately"); State v. Murphy, 124 So. 3d 323, 330 (Fla. 1st DCA 2013).

Without a specific statement of legislative intent, we must apply the Blockburger[1] analysis under section 775.021(4), Florida Statutes (2011), and determine whether the receiving and communication device offenses contain an element that is

---

[1]Blockburger v. United States, 284 U.S. 299 (1932).

not contained in the traveling offense.  Shelley, 134 So. 3d at 1141.  There are four elements to traveling to meet a minor under section 847.0135(4):

> (1) knowingly traveling within this state, (2) for the purpose of engaging in any illegal act (in violation of chapters 794, 800, or 827, or other unlawful sexual conduct) with the victim after using a computer or other electronic data storage transmission to contact a child, (3) the victim was a child or person believed by the defendant to be a child, and (4) the defendant seduced, solicited, lured, enticed or attempted to do so to engage in the illegal act or unlawful sexual conduct.

Hartley v. State, 129 So. 3d 486, 491 (Fla. 4th DCA 2014).

The elements for receiving information about a minor are:  (1) receiving a statement of the victim's name or other descriptive or identifying information, (2) for the purpose of facilitating, encouraging, offering, or soliciting illegal sexual conduct with the victim, and (3) the victim was a child or person believed by the defendant to be a child. § 847.0135(2)(d).  The receiving offense prohibits the use of a computer to receive information about a minor for the purposes of solicitation.  The traveling offense contains the additional requirements of traveling within the state and solicitation or attempted solicitation.  Because the receiving offense is subsumed within the traveling offense, convictions for both receiving information about and traveling to meet a minor based on the same criminal episode violate double jeopardy.  See Shelley, 134 So. 3d at 1141; Hartley, 129 So. 3d at 491.

The elements for unlawful use of a two-way communications device are: (1) the use of a two-way communications device (2) for the purpose of facilitating or furthering the commission of any felony offense.  § 934.215.  Both the receiving and traveling offenses require the use of a communications device, that is, a computer "or any other device capable of electronic data storage or transmission," and each is a

felony.  § 847.0135(2), (4).  Therefore, the unlawful use of a two-way communications device offense is subsumed within the receiving and traveling offenses.  See Mizner v. State, 39 Fla. L. Weekly D1586, *7 (Fla. 2d DCA July 30, 2014) ("[T]he proof of the unlawful use of a two-way communications device was subsumed within the proof of the . . . traveling offense[] in this case.").

Because Exantus's convictions for traveling to meet a minor, receiving information about a minor, and the unlawful use of a two-way communications device violate double jeopardy, we vacate his convictions and sentences for counts three and four.  We affirm his convictions and sentences for counts one and two.  Our decision on the issue of legislative intent is in conflict with State v. Murphy, 124 So. 3d 323, 330 (Fla. 1st DCA 2013), therefore, we certify conflict.  See Mizner, 39 Fla. L. Weekly at *8; Shelley, 134 So. 3d at 1142.

Affirmed in part; vacated in part; conflict certified.

NORTHCUTT and WALLACE, JJ., Concur.