EVANDER, J.
James Barnett was charged by amended information with: Count I — traveling for the purpose of engaging in unlawful sexual conduct with a minor, in violation of section 847.0135(4)(a), Florida Statutes (2012);[1] Counts II and III — using a computer service or device to solicit unlawful sexual conduct with a minor, in violation of section 847.1035(S)(a), Florida Statutes (2012);[2] and Count IV — attempted lewd or lascivious battery. Counts I, III, and IV were alleged to have occurred on October 26, 2012, while Count II was alleged to have occurred on October 24, 2012. The jury' found Barnett guilty on all four counts. Thereafter, the trial court imposed sentence on Counts I, II, and IV. Pursuant to a stipulation between the parties, no sentence was imposed on Count III because of double jeopardy concerns. On appeal, Barnett raises only one issue. He contends that double jeopardy principles precluded him from being convicted on either solicitation count. We disagree.
*924 The State’s evidence reflects that on October 24, 2012, Barnett corresponded bye-mails, instant messaging, and text messages with an individual he believed to be a fourteen-year-old girl. In fact, Barnett was communicating with an Osceola County Sheriffs Department lieutenant, who was representing herself on an Internet dating website to be a young girl interested in an intimate encounter with an older man. During his communications, Barnett expressed his desire to engage in certain unlawful sexual acts with the fictitious fourteen-year-old- and discussed meeting for a sexual liaison on one of the following two nights. However, the next day Barnett appeared to change his mind, texting the fictitious fourteen-year-old, “I can’t risk going to jail and losing my son.” The fictitious fourteen-year-old responded with a text: “It’s okay. I get it. I won’t bother you then ....”
On the ensuing day (October 26, 2012), Barnett reinitiated electronic communications with the fictitious fourteen-year-old and once again expressed his desire to engage in unlawful sexual acts with her. A meeting was arranged for that evening. When Barnett arrived at the agreed-upon location, he was promptly arrested. Three condoms and some sexual performance enhancement pills were found inside his vehicle.
This court has previously stated, that if a defendant solicited an unlawful sexual act with a minor through a single use of a computer service or device prior to traveling to meet the minor for unlawful sexual conduct, double jeopardy principles would preclude a conviction under both section 847.0135(3) and section 847.0135(4). Pinder v. State, 128 So.3d 141, 143 (Fla. 5th DCA 2013).[3] Support for this general principle can be found in subsequent cases authored by our sister courts, Hartley v. State, 129 So.3d 486 (Fla. 4th DCA 2014) and Shelley v. State, 134 So.3d 1138 (Fla. 2d DCA), review granted, 147 So.3d 527 (Fla.2014).
In Hartley, the defendant was convicted of three counts of using a computer to solicit a minor for unlawful sexual conduct and one count of traveling to meet a minor for unlawful sexual conduct. Each episode of solicitation was alleged to have taken place on a separate day, specifically November 2, 2011 (Count I), November 3, 2011 (Count II), and November 4, 2011 (Count III). Count IV charged the defendant with traveling to meet the minor on November 4, 2011. The Hartley court recognized that all of the elements necessary to establish the violation of section 847.0135(3)(a) are included within the elements necessary to establish a violation of section 847.0135(4)(a). 129 So.3d at 491. As a result, the court found that double jeopardy principles required it to vacate Hartley’s solicitation conviction on Count III. Id. However, Hartley’s convictions on Count I and Count II were affirmed based on the language in section 847.0135(3), expressly providing that each use of a computer service or device may be charged as a separate offense:
In the instant case, the legislature has authorized separate punishments for violations of section 847.0135(3) where there were separations of time between each of the crimes charged. Therefore, counts I and II are separate offenses *925 which do not violate double jeopardy because there was a temporal break between the occurrences underlying each of them and the acts that served as the basis for counts III and IV.
Id. at 490-91 (citation omitted).
In Shelley, the defendant was charged with a single count of violating section 847.0135(3)(b) and one count of violating section 847.0135(4)(b). Both offenses were alleged to have occurred on the same day. In setting aside the solicitation conviction on double jeopardy grounds, the Shelley court similarly recognized that the elements of solicitation under section 847.0135(3)(b) were subsumed by the elements of traveling after solicitation under section 847.0135(4)(b). 134 So.3d at 1141. While recognizing that the Legislature had expressly authorized multiple punishments for violations of section 847.0135(3)(b), it rejected the State’s argument that the Legislature also intended to allow separate punishments for conduct that violates both section 847.0135(3)(b) and section 847.0135(4)(b). Id. at 1140.[4] The Shelley court did acknowledge, however, that convictions for both soliciting and traveling could be legally imposed “in cases in which the State has charged and proven separate uses of computer devices to solicit.” Id. at 1142.
In the instant case, double jeopardy precluded a conviction on Count III (solicitation on October 26, 2012).[5] However, double jeopardy principles do not require a vacating of Barnett’s conviction on Count II (solicitation on October 24, 2012). There was clearly a temporal break between Barnett’s illegal actions committed on October 24 and those committed two days later.
AFFIRMED.
TORPY, C.J. and LAMBERT, J., concur.

. Section 847.0135(4) provides:
(4) TRAVELING TO MEET A MINOR.— Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
(a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; or
(b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. Section 847.0135(3) provides:
(3) CERTAIN USES OF COMPUTER SERVICES OR DEVICES PROHIBITED.— Any person who knowingly uses a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
(a) Seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any unlawful sexual conduct with a child or with another person believed by the person to be a child; or
(b) Solicit, lure, or entice, or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Any person who, in violating this subsection, misrepresents his or her age, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Each separate use of a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission wherein an offense described in this section is committed may be charged as a separate offense.

. In Finder, the defendant’s solicitation of an unlawful sexual act with a minor- was done through a person believed to be the child’s custodian rather than directly to the person believed to be the child. Thus, the State proceeded under subsections (3)(b) and (4)(b). In the instant case, because the solicitation was alleged to have been made directly to the individual believed to be a minor, the State proceeded under subsections (3)(a) and (4)(a).

. The First District Court of Appeal has reached a contrary result, concluding that the Legislature expressly intended to authorize separate punishments for conduct that violated both sections. State v. Murphy, 124 So.3d 323, 330-31 (Fla. 1st DCA 2013).

. Although the State did not file a cross-appeal, it maintains that Shelley and Hartley were wrongly decided and that double jeopardy would not have precluded the trial court from sentencing Barnett under Count III. According to the State, the Legislature "made its intent clear” in section 847.0135(8) that dual convictions under section 847.0135(3)(a) and 847.0135(4)(a) are authorized regardless of whether there are separate acts or episodes. We disagree. Section 847.0135(8) provides:
(8) EFFECT OF PROSECUTION. — Prosecution of any person for an offense under this section shall not prohibit prosecution of that person in this state or another jurisdiction for a violation of any law of this state, including a law providing for greater penalties than prescribed in this section or any other crime punishing the sexual performance or the sexual exploitation of children.
We think the better interpretation of this statutory provision is that it authorizes convictions for violations of other statutes together with violations of section 847.0135, regardless of whether the offenses have overlapping elements. We do not read section 847.0135(8) as authorizing dual convictions under section 847.0135(3) and section 847.0135(4) for conduct that occurs in a single criminal episode. In this regard, we align ourselves with Hartley and Shelley and disagree with Murphy.