LAMBERT, J.
.Following a jury trial, Christopher Holt was convicted of using a computer to seduce, solicit, or lure a child; unlawful use of a two-way communications device to commit a felony; and traveling to meet a minor after use of a computer to solicit a child. Subsequent to trial, the State dismissed the charge of using a computer to seduce, solicit, or lure a child. Holt timely appealed his convictions on the remaining two counts and raises two issues on appeal. We affirm with respect to the first issue without further comment. In his second issue, Holt argues that his convictions for traveling to meet a minor under section *1081 847.0135(4)(a), Florida Statutes (2013), and unlawful use of a two-way communications device under section 934.215, Florida Statutes (2013), violate double jeopardy because they were a part of the same criminal episode and the elements to prove unlawful use of a two-way communications device are subsumed within the elements for traveling to meet a minor. We agree and vacate Holt’s conviction and sentence for unlawful use of a two-way communications device.
On March 14, 2013, Holt communicated with another person on an Internet-dating site, learned that the person was purportedly 13 years old, continued to communicate with that person through telephonic text messages, and then traveled to meet the person for the purpose of having sex. The “minor” was actually a detective with the Gainesville Police Department, and Holt was apprehended when he arrived at a pre-arranged location where the detective was waiting.
“A double jeopardy claim based on undisputed facts presents a pure question of law and is reviewed de novo.” Bailey v. State, 21 So.3d 147, 149 (Fla. 5th DCA 2009) (citing Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006)). Though Holt did not raise the alleged double jeopardy violation with the trial court, because a violation of a defendant’s substantive double jeopardy rights constitutes fundamental error, it may be raised for the first time on appeal. See Johnson v. State, 460 So.2d 954, 958 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla.1986).
Here, the State charged a single count of unlawful use of a two-way communications device and a single count of traveling to meet a minor. The information alleged that each offense occurred “on or about March 14, 2013.” Neither the charging information nor the jury verdict form included language clearly predicating the disputed charges on two distinct acts. As a result, the State charged the offenses as occurring during a single criminal episode, and we may not assume that they were predicated on distinct acts. See Mizner v. State, 154 So.3d 391, 400 (Fla. 2d DCA 2014); Partch v. State, 43 So.3d 758, 761-62 (Fla. 1st DCA 2010).
In determining whether multiple convictions and sentences for offenses arising from the same criminal transaction violate double jeopardy principles, “the dispositive question is whether the legislature ‘intended to authorize separate punishments for the two crimes.’ ” Gordon v. State, 744 So.2d 1112, 1113-14 (Fla. 5th DCA 1999) (quoting Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)), approved and remanded, 780 So.2d 17 (Fla.2001). When the legislative intent is not clear from the statute, the court must determine whether separate punishments for the two convictions violate the Blockburger test,[1] as codified in section 775.021(4), Florida Statutes (2013). Valdes v. State, 3 So.3d 1067, 1070 (Fla.2009). “The Blockburger test ... inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution.” Gordon, 744 So.2d at 1114.
Section 847.0135(4), Florida Statutes, criminalizes traveling to meet a minor for the purpose of engaging in sexual intercourse after using a computer to solicit the child. It provides:
(4) TRAVELING TO MEET A MINOR. — Any person who travels any distance either within this state, to this state, or from this state by any means, *1082 who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
(a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; or
(b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct, commits a felony of the second degree ....
§ 847.0135(4), Fla. Stat. (2013)! This offense has four elements:
(1) knowingly traveling within this state, (2) for the purpose of engaging in any illegal act (in violation of chapters 794, 800, or 827, or other unlawful sexual conduct) with the victim after using a computer or other electronic data storage transmission to contact a child, (3) the victim was a child or person believed by the defendant to be a child, and (4) the defendant seduced, solicited, lured, enticed or attempted to do so to engage in the illegal act or unlawful sexual conduct.
Hartley v. State, 129 So.3d 486, 491 (Fla. 4th DCA 2014).
Section 934.215, Florida Statutes, criminalizes the use of a two-way communications device to facilitate a felony. It provides, “Any person who uses a two-way communications device, including, but not limited to, a portable two-way wireless communications device, to facilitate or further the commission of any felony offense commits a felony of the third degree.... ” § 934.215, Fla. Stat. (2013). This offense has two elements: “(1) the use of a two-way communications device (2) for the purpose of facilitating or furthering the commission of any felony offense.” Exantus v. State, — So.3d -, -, 2014 WL 8764326, at *2 (Fla. 2d DCA 2014).
We conclude, as did the Second District Court of Appeal in Mizner and Exantus and the First District Court of Appeal in Hamilton v. State, 163 So.3d 1277 (Fla. 1st DCA 2015), that the offense of unlawful use of a two-way communications device does not contain any elements that are distinct from the offense of traveling to meet a minor. See Hamilton, 163 So.3d at 1279; Mizner, 154 So.3d at 399; Exantus, — So.3d at -, 2014 WL 8764326, at *2. Stated differently, the offense of using a two-way communications device is subsumed within the offense of travelling to meet a minor. Accordingly, these offenses do not satisfy the Blockburger test.
Nevertheless, the State argues that section 847.0135(8), Florida Statutes, expresses a legislative intent to permit dual convictions under these two offenses. If true, there is no double jeopardy violation for dual convictions under section 847.0135(4)(a) and section 934.215, despite the fact that the offenses do not satisfy the Blockburger test. See Valdes, 3 So.3d at 1069 (citing Hayes v. State, 803 So.2d 695, 699 (Fla.2001)). We conclude, however, that section 847.0135(8) does not, on its *1083 face, express a clear legislative intent to authorize dual convictions under section 847.0135 and any other statute. Nor does the legislative history of this statute express an intent by the Legislature to do so.
In 2007, section 847.0135 was amended to include the following language:
(8) EFFECT OF PROSECUTION.— Prosecution of any person for an offense under this section shall not prohibit prosecution of that person in this state or another jurisdiction for a violation of any law of this state, including a law providing for greater penalties than prescribed in this section or any other crime punishing the sexual performance or the sexual exploitation of children.
§ 847.0135(8), Fla. Stat. (2013).[2] Nowhere in the text of section 847.0135(8) does the statute authorize dual convictions or sentences for an offense that violates 847.0135 and another law. The language in subsection (8) does not mention “convictions” or anything that would apply to a double jeopardy analysis, such as criminal acts or episodes. Rather, as mentioned in the title to the subsection, it governs the “effect of prosecution” under section 847.0135. See State v. Shelley, — So.3d -, -, 2015 WL 3887433, 40 Fla. L. Weekly S362, S364 (Fla. June 25, 2015) (stating that “subsection (8) refers to the effect that prosecuting a person under section 847.0135 has on the ability of the State and other jurisdictions to prosecute that person for violations of other laws”). In order for legislative intent to control in a double jeopardy analysis, there must be “specific, clear and precise statements” that indicate the Legislature intends to authorize dual convictions. Valdes, 3 So.3d at 1071 (quoting Carawan v. State, 515 So.2d 161, 165 (Fla.1987)). Here, there are none.
Moreover, the legislative history of section 847.0135 makes clear that subsection (8) is intended to authorize dual prosecutions; not necessarily dual convictions. In 2007, as part of the same bill, the Legislature amended sections 827.071 and 847.0135 to include the aforementioned language. See supra note 2 and accompanying text. According to the Senate Staff Analysis and Economic Impact Statement prepared by the Criminal and Civil Justice Appropriations Committee, “The purpose of this amendment is to allow the prosecutor to charge the offense with the greatest penalty, rather than being restricted to charging under the statute that most specifically includes the conduct.” Fla. S. Comm, on Crim. and Civil Just. Approp., CS for SB 1004 (2007) Staff Analysis 5 (Feb. 23, 2007).[3] The charges that the State can proceed to trial on and the charges a defendant can be sentenced on after trial are two entirely different concepts. Therefore, we conclude that section 847.0135(8) does not express a clear legislative intent to authorize dual convictions for violations of section 847.0135 and any other statute, such as section 934.215. To the extent that our dicta in Barnett v. State, 159 So.3d 922, 925 n. 5 (Fla. 5th DCA 2015), suggests otherwise, we now recede from the dicta.[4]
*1084 Accordingly, we find that the dual convictions in this case under section 847.0135(4)(a) and section 934.215, Florida Statutes, violate the Blockburger test and that this violation of double jeopardy amounts to fundamental error. We therefore affirm the conviction and sentence for traveling to meet a minor and vacate the conviction and sentence for use of a two-way communications device. See Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998) (stating that the proper remedy for a double jeopardy violation “is to vacate the conviction for the lesser offense while affirming the conviction for the greater one” (citing Williams v. Singletary, 78 F.3d 1510, 1516 (11th Cir.1996))).
AFFIRMED in part; VACATED in part.
LAWSON, C.J. and SAWAYA, JJ„ concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. The language in the current section 847.0135(8) was first added to section 847.0135 as subsection (7). See Ch. 2007-143, § 5, Laws of Fla.; see also Fla. SB 1004 (2007).

. This language referred to the amendment to section 827.071 (relating to sexual perform-anee of a child), which included the exact same language added to section 847.0135.

. In Barnett, we rejected the State’s argument that section 847.0135(8) expressed a clear legislative intent to authorize dual convictions under section 847.0135(3)(a) and section 847.0135(4)(a), Florida Statutes. 159 So.3d at 925 n. 5. In doing so, we stated, "We think *1084 the better interpretation of this statutory provision is that it authorizes convictions for violations of other statutes together with violations of section 847.0135, regardless of whether the offenses have overlapping elements.” Id.