NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM R. BATCHELOR,              )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D15-308
                                   )
STATE OF FLORIDA,                  )
                                   )
          Appellee.                )
_____)

Opinion filed June 15, 2016.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Gina M. Girardot and Robert G. Whittel
of Whittel & Melton, LLC, Saint
Petersburg, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

          William R. Batchelor appeals his judgment and sentences following a jury

verdict finding him guilty of the following offenses: (1) traveling to meet a minor after

soliciting a parent or guardian for the purpose of engaging in an illegal act with a child, a

violation of section 847.0135(4)(b), Florida Statutes (2012); (2) unlawful use of a two-

way communications device, a violation of section 934.215, Florida Statutes (2012); and (3) attempted lewd battery on a child, a violation of sections 800.04(4) and 777.04(1), Florida Statutes (2012). We affirm in part and vacate in part.

## I. THE FACTS

Mr. Batchelor was arrested as a result of his involvement in an online "sexual mentor" sting operation. The Polk County Sheriff's Office conducted the operation. In this version of the sting, a law enforcement officer posed as "Missy" on an adult, online dating website. Mr. Batchelor responded to "Missy" after seeing her profile on the website, and the two began to communicate. "Missy" told Mr. Batchelor that she was looking for a man to show her thirteen-year-old daughter named "Brooke" about sex. Mr. Batchelor was willing to help. To this end, he asked for a photograph of the fictional "Brooke" and agreed to show her about sex. Ultimately, on June 13, 2013, Mr. Batchelor traveled for a period of thirty-five minutes to one hour to the location where he expected to meet the fictitious "Missy" and "Brooke." When he reached the house that was the site of the sting operation, Mr. Batchelor texted "Missy" to alert her to his arrival. Law enforcement officers arrested him in the house's driveway.

## II. MR. BATCHELOR'S APPELLATE ARGUMENTS

On appeal, Mr. Batchelor raises two points. First, he contends that the trial court erred in failing to grant his motion for a judgment of acquittal on the charge of attempted lewd or lascivious battery. Second, Mr. Batchelor argues that his convictions for the unlawful use of a two-way communications device and soliciting a parent for the purpose of engaging in sexual conduct with a child violate principles of double jeopardy. We will consider these points separately below.

## III.  THE SUFFICENCY OF THE EVIDENCE TO PROVE AN ATTEMPT

Under section 800.04(4): "A person who: (a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or (b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity" commits the offense of lewd or lascivious battery.  The elements of an attempt are (1) a specific intent to commit the offense and (2) an overt act done toward the commission of the offense that is beyond mere preparation.  See § 777.04; Enix v. State, 69 So. 3d 354, 357 (Fla. 2d DCA 2011).  This court has explained the difference between mere preparation and an overt act as follows:

> Preparation generally consists of devising or arranging the means or measures necessary for the commission of the offense.  The attempt is the direct movement toward the commission after preparations are completed.  The act must reach far enough toward accomplishing the desired result to amount to commencement of the consummation of the crime.  Some appreciable fragment of the crime must be committed and it must proceed to the point that the crime would be consummated unless interrupted by a circumstance independent of the attempt[e]r's will.  The act need not be, however, the ultimate, the last proximate, or the last possible act toward consummation of the crime.

State v. Coker, 452 So. 2d 1135, 1136-37 (Fla. 2d DCA 1984) (citations omitted).  "[T]he line between preparatory acts and overt acts is difficult to draw and tends to be case specific."  Hudson v. State, 745 So. 2d 997, 1000 (Fla. 2d DCA 1999).

We conclude that the record of Mr. Batchelor's communications with "Missy" concerning the proposed sexual activity with "Brooke" and his travel to the location where the proposed sexual activity was scheduled to take place were more

than sufficient to establish facts sufficient to withstand a motion for judgment of acquittal on the attempted lewd or lascivious battery charge. The facts in this case are similar to other cases finding the evidence sufficient to prove an overt act where the defendant was not arrested until he arrived at the location at which he believed the minor was waiting. See Carlisle v. State, 105 So. 3d 625, 626-27 (Fla. 5th DCA 2013); Bist v. State, 35 So. 3d 936, 938-42 (Fla. 5th DCA 2010); see also Hudson, 745 So. 2d at 999-1001 (holding that the evidence was sufficient to establish an overt act where the defendant purchased a plane ticket and sent cash to a fictitious minor, arranged for the fictitious minor's transportation by taxi from the airport to the defendant's home, and approached the taxi upon its arrival where a deputy sheriff posing as the fictitious minor was waiting in the back seat). In this case, as in the cases cited, Mr. Batchelor had a realistic expectation of imminent sexual activity with the fictitious minor when he was arrested. Cf. Mizner v. State, 154 So. 3d 391, 398 (Fla. 2d DCA 2014) (finding no overt act moving beyond mere preparation where the defendant "was approximately sixty miles and eight-to-ten hours away from the proposed sexual contact" when he was arrested).

## IV.  THE DOUBLE JEOPARDY ARGUMENT

The jury found Mr. Batchelor guilty of traveling to meet a minor under section 847.0135(4)(b) and unlawful use of a two-way communications device under section 934.215. The State alleged in a second amended information that Mr. Batchelor committed these crimes "on or between June 10, 2013 and June 13, 2013." There is no indication in the record that these crimes were committed other than as part of the same criminal episode. Mr. Batchelor argues that his judgment and sentences for these two

offenses violate double jeopardy.  He did not preserve this argument in the trial court; thus our review is for fundamental error.

Section 847.0135 provides, in pertinent part, as follows:

> **(4) Traveling to meet a minor.—**Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:
>
> . . . .
>
> (b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,
>
> commits a felony of the second degree . . . .

(Emphasis added.)  Section 924.215 provides, in pertinent part:

> Any person who uses a two-way communications device, including, but not limited to, a portable two-way wireless communications device, to facilitate or further the commission of any felony offense commits a felony of the third degree . . . .

The State argues—based on a Blockburger[1] "same elements test"—that the convictions under section 847.0135(4)(b) and section 934.215 do not violate double jeopardy because "neither of the statutory elements of the offense of unlawful use of a

---

[1]Blockburger v. United States, 284 U.S. 299 (1932); see also § 775.021(4)(a), Fla. Stat. (2012).

two-way communications device is subsumed within the offense of traveling to meet a minor." The State focuses on the use of different language of the statutes, specifically that section 847.0135 refers to "unlawful sexual activity" whereas section 934.215 refers to the commission of "any felony." The State also argues that that there are significant technological differences between standard two-way communications devices (such as cellular telephones) and computers ("many two-way communications devices are not capable of electronic data storage or transmission"). But both of these arguments have already been rejected by this court and other district courts of appeal. As this court explained in Mizner, 154 So. 3d at 399:

> Section 934.215 provides, in pertinent part, that "[a]ny person who uses a two-way communications device, including, but not limited to, a portable two-way wireless communications device, to facilitate or further the commission of any felony offense commits a felony of the third degree." The offenses of soliciting and traveling both require the use of "a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission" as an element of those offenses, and both offenses are felonies. § 847.0135(3)(b), (4)(b). Thus the proof of the unlawful use of a two-way communications device was subsumed within the proof of the soliciting and traveling offenses in this case.

Accord Hamilton v. State, 163 So. 3d 1277, 1278-79 (Fla. 1st DCA 2015); Holubek v. State, 173 So. 3d 1114, 1116 (Fla. 5th DCA 2015); Holt v. State, 173 So. 3d 1079, 1084 (Fla. 5th DCA 2015).

Finally, the State argues that it is not possible to determine whether the defendant's use of his two-way communications device was the same as his use of a computer online service or internet service without looking at the underlying facts of the case. The State is on to something here, but its analysis ignores the allegations of the

charging document that it filed against Mr. Batchelor. One can imagine a scenario where convictions for both traveling to meet a minor and the unlawful use of a two-way communications device could be sustained. But such a scenario would require a charging document—unlike the one filed in this case—that distinguished the two acts as occurring separately, and that facts were adduced at trial to prove that the offenses were indeed committed as separate and distinct acts. Circumstances such as these would not call for, as the State seems to suggest, a <u>Blockburger</u> double jeopardy analysis. <u>See, e.g.</u>, <u>Partch v. State</u>, 43 So. 3d 758, 760 (Fla. 1st DCA 2010) ("<u>If the charges are not predicated on distinct acts</u> and have occurred within the same criminal episode, we must next decide if the charges survive a same elements test as defined by section 775.021, Florida Statutes (2008), commonly referred to as the <u>Blockburger</u> analysis." (emphasis added)). Instead, the appropriate question to ask <u>before</u> engaging in a <u>Blockburger</u> analysis would be whether the defendant was charged with two distinct, chargeable offenses, separated in space or time. <u>See</u> <u>Bartee v. State</u>, 401 So. 2d 890, 892 (Fla. 5th DCA 1981) ("Time, space and transactional aspects of factual events may raise questions as to whether or not, as a factual matter, one or two separate and distinct acts are involved.").

In this case, neither the charging document nor the jury instructions support such a conclusion, and we are not at liberty to infer this from the record. <u>See</u> <u>Holt</u>, 173 So. 3d at 1081 ("Here, the State charged a single count of unlawful use of a two-way communications device and a single count of traveling to meet a minor. The information alleged that each offense occurred 'on or about March 14, 2013.' Neither the charging information nor the jury verdict form included language clearly predicating

the disputed charges on two distinct acts. As a result, the State charged the offenses as occurring during a single criminal episode, and we may not assume that they were predicated on distinct acts."). In the case before us, the second amended information charged that both the traveling offense and the unlawful use of a two-way communications device offense occurred "on or between June 10, 2013 and June 13, 2013, in the County of Polk and State of Florida" and did not predicate the charges on two distinct acts. Thus the facts in Mr. Batchelor's case relative to the double jeopardy issue are indistinguishable from the facts in Holt.

## V. CONCLUSION

For the foregoing reasons, we affirm Mr. Batchelor's judgment and sentences for traveling to meet a minor and for attempted lewd or lascivious battery. We vacate the judgment and sentence for unlawful use of a two-way communications device.

Affirmed in part; vacated in part.

LaROSE and BADALAMENTI, JJ., Concur.

- 8 -