IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL ROGER MILLS,

       Appellant,

 v.                           Case No.  5D14-2814

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed July 29, 2016

Appeal from the Circuit Court
for St. Johns County,
Howard M. Maltz, Judge.

Michael R. Ufferman, of Michael Ufferman
Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Michael Roger Mills appeals the judgment and sentence entered against him after

he was found guilty, by a jury, of soliciting a minor using a computer device, in violation

of section 847.0135(3)(a), Florida Statutes (2013), unlawful use of a two-way

communications device, in violation of section 934.215, Florida Statutes (2013), and

traveling to meet a minor, in violation of section 847.0135(4)(a), Florida Statutes (2013).

Mills raises a number of issues on appeal, however, only one warrants reversal: namely, that his convictions for soliciting a minor using a computer device and unlawful use of a two-way communication device violate double jeopardy principles because the elements to prove each are subsumed within the elements for traveling to meet a minor. Based on the facts of this case and the State's concession of error, we agree with Mills and conclude that double jeopardy principles preclude separate convictions under section 847.0135(3)(a), section 934.215, and section 847.0135(4)(a). See State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015); see also Holt v. State, 173 So. 3d 1079, 1081-84 (Fla. 5th DCA 2015). Accordingly, we reverse Mills' convictions and vacate his sentences for soliciting a minor using a computer device and unlawful use of a two-way communication device. Finding no error in the remaining issues or that any error was harmless, we affirm in all other respects.

AFFIRMED in part, VACATED, in part.

PALMER, EVANDER and BERGER, JJ., concur.