LAMBERT, J., concurring and concurring specially. In Shelley, our supreme court made clear that double jeopardy principles prohibit separate convictions for solicitation under section 847.0135(3)(b) and traveling after solicitation under section 847.0135(4)(b) when based upon the same conduct. 176 So.3d at 919. Conversely, there is no double jeopardy violation for dual convictions of these statutes when not based upon the same conduct. The difficulty in these cases is what constitutes the “same conduct.” The clear case is when a defendant uses a computer one time to solicit sexual activity with a minor, receives consent from the parent or the person believed to be the parent, legal guardian, or custodian to engage in the unlawful sexual conduct with the minor child, and thereafter travels to meet the minor for the sexual activity. However, the fact patterns in the vast majority of these cases that reach the appellate courts are not that direct. For example, in Shelley, the court wrote that “over the course of several days” the defendant made arrangements via various computer services or devices to have sex with the “mother” and the fictitious minor daughter, but “[t]he State relied upon the same conduct to charge both offenses.” Id. at 916-17. The Legislature has specifically provided under section 847.0135(3) that each separate use of a computer service or device to solicit may be charged as a separate offense. Much of the difficulty in determining whether the dual convictions were based upon the same conduct could be avoided by the State simply charging multiple counts of solicitation, if supported by the evidence, along with one count of traveling. Thereafter, if the case proceeded to trial, appropriate jury instructions would be provided to the jury explaining to them that there must be at least two separate and distinct acts of solicitation to hold the defendant accountable on both a traveling violation and solicitation violation, and the verdict forms would allow the jury to separately determine whether the State has established, beyond a reasonable doubt, each of the solicitation counts. See Lee v. State, 223 So.3d 342, 375-76 (Fla. 1st DCA 2017) (Makar, J., concurring in part, dissenting in part). At that point, it becomes clearer for the court and the parties whether a potential double jeopardy violation exists and, where appropriate, can be avoided by simply vacating the one solicitation conviction subsumed in the traveling conviction prior to sentencing. Cf. Barnett v. State, 159 So.3d 922, 923-25 (Fla. 5th DCA 2015) (affirming a defendant’s solicitation conviction charged as being committed on October 24, 2012, but vacating an October 26, 2012 solicitation conviction charged as occurring on the same date as the defendant’s traveling after solicitation offense); Hartley v. State, 129 So.3d 486, 488-91 (Fla. 4th DCA 2014) (affirming separate solicitation convictions charged as occurring on November 2, 2011, and November 3, 2011, but vacating a solicitation conviction charged as occurring on November 4, 2011, where the defendant was also charged and convicted of traveling on November 4, 2011, to meet a minor to commit an unlawful sex act following solicitation). With this observation, I concur 'in the majority opinion.