NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH WEITZ,                        )
                                     )
            Petitioner,              )
                                     )
v.                                   )        Case No. 2D16-4703
                                     )
STATE OF FLORIDA,                    )
                                     )
            Respondent.              )
_____)

Opinion filed October 25, 2017.

Petition Alleging Ineffective Assistance
of Appellate Counsel. Polk County;
Reinaldo Ojeda, Judge.

Joseph Weitz, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

        Joseph Weitz has filed a petition under Florida Rule of Appellate

Procedure 9.141(d) arguing three grounds of ineffective assistance of appellate

counsel. We grant relief on ground one, which is based upon Mr. Weitz's assertion that

appellate counsel failed to argue that Mr. Weitz's dual convictions for transmitting

material harmful to minors under section 847.0138, Florida Statutes (2012), and

unlawfully using a two-way communications device under section 934.215, Florida Statutes (2012), violate double jeopardy. We deny grounds two and three without comment.

A jury convicted Mr. Weitz of one count of transmitting material harmful to minors and one count of unlawfully using a two-way communications device. Both counts alleged that Mr. Weitz committed the offenses in Polk County "on or about March 2, 2012." The evidence at trial was that Mr. Weitz engaged in a lengthy series of sexually-explicit text messages with a fourteen-year-old neighbor. The trial court sentenced Mr. Weitz to ten years' imprisonment as a habitual felony offender (HFO) for the transmitting offense and to a concurrent non-HFO sentence of five years' imprisonment for the unlawful use offense. We affirmed his convictions. See Weitz v. State, 196 So. 3d 466, 466 (Fla. 2d DCA 2016).

In ground one of his petition, Mr. Weitz argues that his appellate counsel was ineffective for failing to argue that his convictions violate double jeopardy. Because a double jeopardy violation constitutes fundamental error that may be raised for the first time on appeal, Mizner v. State, 154 So. 3d 391, 399 (Fla. 2d DCA 2014), the failure to raise a double jeopardy violation on appeal can constitute ineffective assistance of appellate counsel, see Perri v. State, 154 So. 3d 1204, 1205 (Fla. 2d DCA 2015).

To determine whether Mr. Weitz is entitled to relief, we must first ask whether his appellate counsel rendered deficient performance by failing to argue that his dual convictions for unlawful use of a two-way communications device and transmitting harmful material to a minor violate double jeopardy. See Smith v. State, 19 So. 3d 417, 418 (Fla. 2d DCA 2009). At the time appellate counsel filed the initial brief

in Mr. Weitz's direct appeal, this court had applied the Blockburger[1] same-elements test to hold that multiple convictions under the two-way communications device statute and three other statutes violate double jeopardy when the charges arise from the same criminal episode.  See Exantus v. State, 198 So. 3d 1 (Fla. 2d DCA 2014); Mizner, 154 So. 3d 391.  These statutes all involve the use of electronic methods of communication and sexual activity involving minors.  In Mizner, we held that convictions for soliciting a parent to consent to sex with a minor in violation of section 847.0135(3)(b), traveling to have sex with a minor in violation of section 847.0135(4)(b), and unlawful use of a two-way communications device violated double jeopardy when the charges arise from the same episode because the statutory elements of each offense were subsumed by the statutory elements of every other offense charged in that case.  154 So. 3d at 399-400.  Thereafter, in Exantus, 198 So. 3d at 2, we said the same thing about dual convictions for receiving information about a minor in violation of section 847.0135(2)(d) and unlawful use of a two-way communications device.  See also Batchelor v. State, 193 So. 3d 1054, 1058 (Fla. 2d DCA 2016) (holding, after briefing and argument in Mr. Weitz's direct appeal, that convictions for soliciting and unlawful use of a two-way communications device violate double jeopardy when the charges arise out of the same episode).

Although Mizner and Exantus did not address a charge of transmitting harmful material to a minor in violation of section 847.0138, the question of whether the statutory elements of that offense are subsumed by the statutory elements of unlawful

---

[1]Blockburger v. United States, 284 U.S. 299 (1932); see also § 775.021(4)(a), Fla. Stat. (2012).

use of a two-way communications device is so close to the questions answered in Mizner and Exantus that a reasonable appellate lawyer would have raised the argument in Mr. Weitz's direct appeal.[2] Cf. Kist v. State, 900 So. 2d 571, 572 (Fla. 2d DCA 2004) (finding appellate counsel ineffective for failing to raise a double jeopardy argument based on relevant cases from other district courts of appeal). In that connection, we note that during the sentencing in this case, Mr. Weitz's trial counsel stated on the record that our then-recent decision in Mizner presented a double jeopardy argument that Mr. Weitz should raise on appeal.

The State argues that counsel's performance cannot be deemed deficient because the two charges in this case did not arise from the same criminal episode. This is at least a close call that reasonable counsel would have argued against on appeal. The State pleaded a single count for each offense and alleged that each offense took place over the same period of time—"on or about March 2, 2012." On

---

[2]This is not to say that the questions are identical or that Mizner and Exantus will ultimately control the application of the same elements test here. There are, for example, differences between the transmitting statute and the statutes at issue in Mizner and Exantus. The traveling and solicitation offenses in Mizner required use of "a computer online service, internet service, local bulletin board, or any other device capable of electronic data storage or transmission," § 847.0135(3)(b), (4)(b), which we found were subsumed within the two-way communications device statute's requirement of "a two-way communications device." 154 So. 3d at 399. In Exantus, we similarly held, in essence, that both the receiving and two-way communications device statutes required use of a two-way communications device, such that each offense was subsumed by the other. See 198 So. 3d at 2. In contrast, the transmitting harmful material statute requires sending harmful material "to a specific individual known by the defendant to be a minor via electronic mail." § 847.0138(1)(b) (emphasis added). Although we have held that the term electronic mail embraces text messages and so would apply to Mr. Weitz's conduct here, see Duclos-Lasnier v. State, 192 So. 3d 1234, 1239 (Fla. 2d DCA 2016), it is arguable that the term "electronic mail" does not subsume the term "two-way communications device" such that the same elements test would preclude dual convictions for the transmitting and two-way communications device charges.

- 4 -

similar facts, we rejected a similar argument by the State in Mizner because "[t]he State did not charge the offenses as occurring during separate criminal episodes; rather, it charged them as occurring during a single criminal episode." 154 So. 3d at 400; see also Shelley v. State, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014) (rejecting, before the initial brief was filed in Mr. Weitz's direct appeal, the argument that dual convictions for soliciting and traveling arose out of different criminal episodes where the charges were "based on a solicitation occurring on the same date as the traveling offense"), approved, 176 So. 3d 914 (Fla. 2015). Accordingly, we conclude that Mr. Weitz's appellate counsel was deficient.

For substantially the same reasons, we also find that the deficiency prejudiced Mr. Weitz. Because the double jeopardy issues resolved in Mizner and Exantus—both of which were on the books at the time of Mr. Weitz's direct appeal—are both very favorable to Mr. Weitz and very similar to the double jeopardy issues this case presents, we conclude that the failure to raise the issue "compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Lowe v. State, 2 So. 3d 21, 42 (Fla. 2008).

Accordingly, we grant the petition as to ground one and grant Mr. Weitz a new appeal on the double jeopardy issue that ground presents. Within thirty days from the date of the issuance of the mandate in this case, the trial court shall appoint an appellate attorney to file a brief on the double jeopardy issue outlined above. Appellate counsel shall, within thirty days of the appointment, file a new notice of appeal and reference this opinion in the notice of appeal. See Kist, 900 So. 2d at 572. In all other respects, we deny Mr. Weitz's petition.

Petition granted in part and denied in part.

WALLACE and MORRIS, JJ., Concur.