NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH WEITZ, DOC #139777,       )
                                 )
            Appellant,           )
                                 )
v.                               )       Case No. 2D18-72
                                 )
STATE OF FLORIDA,                )
                                 )
            Appellee.            )
_____)

Opinion filed May 31, 2019.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Ita M. Neymotin, Regional Counsel,
Second District, and Joseph Thye
Sexton, Assistant Regional Counsel,
Office of Criminal Conflict and Civil
Regional Counsel, Fort Myers, for
Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

            In this appeal of a criminal judgment and sentence following this court's

partial grant of Joseph Weitz's petition alleging ineffective assistance of appellate

counsel, see Weitz v. State, 229 So. 3d 872, 873 (Fla. 2d DCA 2017), Weitz argues that his dual convictions for unlawfully using a two-way communications device, see § 934.215, Fla. Stat. (2011), and for transmitting material harmful to minors via electronic mail, see § 847.0138(2), Fla. Stat. (2011), violate double jeopardy because the elements of the former are subsumed in the elements of the latter. Upon de novo review of this issue of first impression, see State v. Shelley, 176 So. 3d 914, 918 n.4 (Fla. 2015), we agree with Weitz and vacate his conviction and sentence for unlawfully using a two-way communications device.

The constitutional prohibition against double jeopardy does not preclude multiple punishments for multiple offenses arising out of the same conduct in a single criminal episode if the legislature intends to authorize separate punishments. See Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). Absent a clear statement of legislative intent, when a defendant is convicted of multiple offenses arising out of the same conduct in a single criminal episode, we must determine whether those offenses violate the "same elements" test under Blockburger v. United States, 284 U.S. 299 (1932), or whether multiple punishments are otherwise precluded under section 775.021(4), Florida Statutes (2011). See Valdes, 3 So. 3d at 1070.

As an initial matter, we must assume that Weitz's convictions arose out of the same conduct in a single criminal episode. The information alleged, in pertinent part, that Weitz, "on or about March 2, 2012, in the County of Polk and State of Florida, did, on one or more occasions know or believe that he was transmitting an [sic] information, or data that was harmful to minors . . . to [the victim], known by the defendant to be a minor." The information alleged further that Weitz, "on or about

March 2, 2012, in the County of Polk and State of Florida, did, on one or more occasions use a two-way communications device to facilitate or further the commission of a felony, to-wit, Transmitting Material Harmful to Minors."  Although both counts allege conduct occurring "on one or more occasions" during the same time period, that language is too ambiguous to allow us to discern whether they were premised on separate conduct.  See Lee v. State, 258 So. 3d 1297, 1303-04 (Fla. 2018) (holding that an information's allegations that the unlawful use of a two-way communications device and the solicitation offense occurred "on one or more occasions between December 22, 2013, and January 1, 2014," did not clearly reflect that the charges relied on separate conduct).  Consequently, we must assume that they were premised on the same conduct.  See id.; Batchelor v. State, 193 So. 3d 1054, 1058-59 (Fla. 2d DCA 2016).

Nothing in either section 934.215 or in section 847.0138(2) explicitly authorizes multiple punishments when the same conduct violates both statutes.[1] Accordingly, we look to Blockburger, as codified at section 775.021(4), which provides:

> (a)  Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.  For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other

[1]Indeed, the statutory language of section 934.28, Florida Statutes (2011), suggests a legislative intent to the contrary, as it provides that "[t]he remedies and sanctions described in ss. 934.21-934.27 are the only judicial remedies and sanctions for violation of those sections."  Cf. M.P. v. State, 682 So. 2d 79, 81 (Fla. 1996) (holding that the legislature "clearly stated its intent to punish possession of a firearm by a minor in addition to any other firearm-related offenses" by stating that the possession statute is " 'supplemental to all other provisions of law relating to the possession, use, or exhibition of a firearm' " (emphasis omitted) (quoting § 790.22(7), Fla. Stat. (Supp. 1994))).

does not, without regard to the accusatory pleading or the proof adduced at trial.

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity . . . to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

In determining whether each offense requires proof of an element that the other does not, we confine our analysis to the statutory elements of each offense without regard to the specific charges or to the evidentiary record. See Roughton v. State, 185 So. 3d 1207, 1210 (Fla. 2016) ("[T]he plain language of section 775.021(4)(a) . . . requires that the elements of the offenses be compared '*without regard to the accusatory pleading or the proof adduced at trial*.' "); State v. Carpenter, 417 So. 2d 986, 988 (Fla. 1982) ("In applying the Blockburger test the courts look only to the statutory elements of each offense and not to the actual evidence to be presented at trial or the facts as alleged in a particular information." (citing Whalen v. United States, 445 U.S. 684, 685 n.8 (1980))).

The elements of section 847.0138(2) are that the defendant (1) knowingly sent an image, information or data that he or she knew or believed to be harmful to minors; (2) sent the image, information, or data to a specific individual who was either actually known by him or her to be a minor or believed by him or her to be a minor; and (3) sent the image, information or data via electronic mail. Fla. Std. Jury

- 4 -

Instr. (Crim.) 11.21.  The elements of section 934.215 are "(1) the use of a two-way communications device (2) for the purpose of facilitating or furthering the commission of any felony offense."  Exantus v. State, 198 So. 3d 1, 2 (Fla. 2d DCA 2014).

Section 934.215 does not require proof that any content was sent to anyone via any mechanism,[2] and so section 847.0138(2) requires proof of multiple elements that section 934.215 does not.  But Weitz argues that the third exception—that the elements of the lesser offense are subsumed by the elements of the greater, section 775.021(4)(b)(3)—applies because the elements of section 934.215 are subsumed by the elements of section 847.0138(2).  That exception "applies only to necessarily lesser included offenses," i.e., "those [offenses] in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial."[3]  State v. Florida, 894 So. 2d 941, 947 (Fla. 2005), receded from on other grounds by Valdes, 3 So. 3d at 1077; see also State v. Paul, 934 So. 2d 1167, 1175 (Fla. 2006) (same), receded from on other grounds by Valdes, 3 So. 3d at 1077;[4]

---

[2]For example, under the plain language of section 934.215, one could be convicted of violating that statute by trading new cellular telephones for illegal drugs.  Cf. Smith v. United States, 508 U.S. 223, 228-29 (1993) (holding that exchanging a firearm for narcotics constitutes "use" of a firearm "in relation to" a drug trafficking crime because the firearm was actively employed, albeit not as a weapon, and was integral to the transaction).

[3]Because "[l]esser included offenses are determined based on the elements of the offenses, not on the penalties attached," Carle v. State, 983 So. 2d 693, 695 (Fla. 1st DCA 2008), it does not matter that offenses under both section 847.0138(2) and section 934.215 are third-degree felonies.

[4]In Valdes, 3 So. 3d at 1077, the supreme court receded from language in Paul, Florida, and Gordon v. State, 780 So. 2d 17 (Fla. 2001), regarding how to analyze the exception in section 775.021(4)(b)(2).  Valdes does not address the exception in section 775.021(4)(b)(3), so the analysis of that exception in Paul and Florida remains good law.

- 5 -

Boland v. State, 893 So. 2d 683, 685-86 (Fla. 2d DCA 2005) ("A necessarily lesser included offense is one in which 'the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence.' Stated another way, a crime 'is a necessarily lesser included offense if, based on the statutes themselves, a defendant cannot possibly avoid committing the offense when the other crime in question is perpetrated.' " (citation omitted) (quoting Overway v. State, 718 So. 2d 308, 310 (Fla. 5th DCA 1998))).

We agree with Weitz that a violation of section 934.215 is a necessarily lesser included offense of a violation of section 847.0138(2).[5] Chapter 934 does not define the term "two-way communications device" for purposes of section 934.215, the term is not used anywhere else within chapter 934, and no case has yet defined it. Nonetheless, we conclude that transmitting an image, information, or data via electronic mail—a mechanism for communication by which images, information, and data can be both sent and received and which includes emails, instant messages, and text messages, see Simmons v. State, 944 So. 2d 317, 325 & n.7, 329 (Fla. 2006); Duclos-Lasnier v. State, 192 So. 3d 1234, 1239-41 (Fla. 2d DCA 2016)—necessarily involves the use of a "two-way communications device." We do so based on section 934.215 itself, which provides only a single example of a two-way communications device along with the caveat that such a device is "not limited to" that example, and on the plain meaning of "device":

---

[5]We note that a violation of section 934.215 is not listed as a lesser included offense in the standard jury instruction for section 847.0138(2), see Fla. Std. Jury Instr. (Crim.) 11.21, but "the Schedule of Lesser Included Offenses included in the Florida Standard Jury Instructions is not the final authority on lesser included offenses," Williams v. State, 957 So. 2d 595, 599 (Fla. 2007).

> n. . . . **1** a thing devised; plan; scheme, esp., a sly or underhanded scheme; trick **2** <u>a mechanical invention or contrivance for some specific purpose</u> **3** something used to gain an artistic effect [rhetorical *devices*] **4** an ornamental figure or design **5** a design, often with a motto, on a coat of arms; heraldic emblem **6** any motto or emblem **7** [Archaic] the act or power of devising --leave to one's own devices to allow to do as one wishes.

Webster's New World College Dictionary 377 (3d ed. 1996) (emphasis added). The second definition most clearly fits here.

Relying on a statute from another state, the State asserts that a two-way communications device transmits in real time and that "electronic mail" does not necessarily contemplate real-time communication. The State, however, identifies nothing in section 934.215 itself or in Florida law in general to support this limitation, and we will not read such a limitation into section 934.215. See Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature."). Section 934.215 prescribes only the directions in which the communications must travel, not the time they take to get there.

Finally, the State asserts that section 934.215 does require an element that section 847.0138 does not because it requires that the defendant "knowingly use a two-way communications device." The State cites no authority for attributing a mens rea requirement to the use of such a device, and in fact, there is none. See Exantus, 198 So. 3d at 2.

We therefore hold that Weitz's dual convictions for transmitting material harmful to minors and unlawful use of a two-way communications device violate double jeopardy because the former subsumes the latter. Accordingly, we vacate Weitz's

conviction and sentence for unlawfully using a two-way communications device, which is the lesser of the two offenses. See Shelley, 176 So. 3d at 919-20.

Vacated in part.

NORTHCUTT and MORRIS, JJ., Concur.