PER CURIAM. Luis Alberto Bermudez appeals his judgments and sentences, entered after no contest pleas, for: (1) traveling to meet a minor in violation of section 847.0135(4)(a), Florida Statutes (2012); (2) unlawful use of a two-way communications device to facilitate the commission of a felony in violation of section 934.215, Florida Statutes (2012); (3) resisting an officer with violence in violation of section 843.01, Florida Statutes (2012); and (4) resisting an officer without violence in violation of section 843.02. He argues, among other things, that a conviction for both traveling to meet a minor and unlawful use of a two-way communications device violates the prohibition against double jeopardy. We agree and note that the State has conceded error on this issue. Because there is no indication in the record that these two crimes were committed other than as part of the same criminal episode, we reverse and remand for the trial court to vacate Mr. Bermudez’s judgment and sentence for unlawful use of a two-way communications device. See Batchelor v. State, 193 So.3d 1054, 1059 (Fla. 2d DCA 2016); Mizner v. State, 154 So.3d 391, 401 (Fla. 2d DCA 2014); Holt v. State, 173 So.3d 1079, 1084 (Fla. 5th DCA 2015). We affirm his convictions as to the other charges in all respects, and we affirm all other issues raised on appeal. We remand with instructions for the trial court to resentence Mr. Bermudez consistent with this opinion. Affirmed in part, reversed in part, and remanded with instructions. NORTHCUTT, KHOUZAM, and ' BADALAMENTI, JJ., Concur.