NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL GENE KANIA, )
                                )
        Appellant, )
                                )
v. )        Case No. 2D16-687
                                )
STATE OF FLORIDA, )
                                )
        Appellee. )
_____ )

Opinion filed April 11, 2018.

Appeal from the Circuit Court for Polk
County; Wayne M. Durden, Judge.

Howard L. Dimmig, II, Public Defender, and
Mark J. O'Brien, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

        Michael Kania appeals his convictions after a jury trial for traveling to meet

a minor after use of a computer, see § 847.0135(4), Fla. Stat. (2012), and unlawful use

of a two-way communications device, see § 934.215, Fla. Stat. (2012).[1] We affirm his conviction and sentence for traveling to meet a minor, but we reverse his conviction and sentence for unlawful use of a two-way communications device.

Kania argues that his two convictions violate double jeopardy because they were based on acts that occurred within the same criminal episode and the elements of unlawful use of a two-way communications device are subsumed within the traveling to meet a minor count. He contends that only the traveling count should stand. He did not raise this specific issue below, but a double jeopardy violation constitutes fundamental error that may be raised for the first time on appeal. See Mizner v. State, 154 So. 3d 391, 399 (Fla. 2d DCA 2014) (citing Bell v. State, 122 So. 3d 958, 959 n.1 (Fla. 2d DCA 2013)).

In Mizner, this court held that the offense of unlawful use of a two-way communications device under section 934.215 is subsumed within the offense of traveling to meet a minor under section 847.0135. 154 So. 3d at 399. This court further held that because the State charged single counts of each offense during the three-day period at issue and because the State charged each of the offenses over the same time period, the evidence could not "support convictions for each offense as occurring during a separate criminal episode." Id. at 400. "The State did not charge the offenses as occurring during separate criminal episodes; rather, it charged them as occurring during a single criminal episode." Id. This court vacated the conviction for unlawful use of a two-way communications device. Id.

---

[1]He was sentenced to seven years in prison followed by eight years' sex offender probation on the traveling count and to five years' sex offender probation on the unlawful use count, to run concurrently with the probation on the traveling count.

In Rubio v. State, 233 So. 3d 482 (Fla. 2d DCA 2017), this court relied on Mizner and held that the defendant's convictions for traveling to meet a minor and unlawful use of a two-way communications device violated double jeopardy "because the amended information charged [the defendant] with committing both of those offenses within the same time period, i.e., 'on or between June 9, 2013[,] and June 11, 2013.' " Id. at 483 (second alteration in original); see e.g., Bermudez v. State, 235 So. 3d 1057, 1057 (Fla. 2d DCA 2018); Holt v. State, 173 So. 3d 1079, 1084 (Fla. 5th DCA 2015); Hamilton v. State, 163 So. 3d 1277, 1279 (Fla. 1st DCA 2015).

Here, the charge against Kania for unlawful use of a two-way communications device was subsumed within the charge of traveling to meet a minor, and both offenses were charged as having occurred during the same time period, i.e., "on or about June 11, 2013." In accordance with our prior decisions, we conclude that Kania's convictions violate double jeopardy and we reverse Kania's conviction and sentence for unlawful use of a two-way communications device with directions that the conviction be vacated. We have considered the other issues raised on appeal and have found them to be without merit.

We also note that the jury found Kania guilty of the additional offense of use of a computer to solicit a child, see § 847.0135(3), but the trial court correctly recognized that the prohibition against double jeopardy prevented Kania from being adjudicated and sentenced on both traveling to meet a minor and use of a computer to solicit. See State v. Shelley, 176 So. 3d 914, 919 (Fla. 2015) (approving this court's decision in Shelley v. State, 134 So. 3d 1138, 1141-42 (Fla. 2d DCA 2014)). Because

we are affirming the traveling conviction, on remand the trial court shall vacate the conviction for use of a computer to solicit a child.

Affirmed in part; reversed in part; remanded.

BLACK and BADALAMENTI, JJ., Concur.